WILLIAM DOOLEY, Plaintiff in Error, *v.* GEORGE W. STIPP, Defendant in Error; an *e contra.*

ERROR TO McLEAN.

A complainant must establish by proof what is not admitted in an answer.

A judgment draws interest with it, whether it is so expressed or not; any excess over the six per cent. included as principal in a judgment, may be recovered back in equity, if the transaction occurred while that remedy existed by statute.

THIS was a bill in chancery, alleging that Dooley gave Culbertson a note for $1,235.68, dated July 1, 1855, due in one day, and agreed to pay 15 per cent. interest. Dooley made some payments, which were indorsed on said note. Culbertson, after said note was due, sold it to Stipp. Stipp and Dooley, Dec. 1, 1856, computed amount due on old note at fifteen per cent. Stipp threatened to sue Dooley if new note was not given. Dooley gave new note for $1,117, due March 25, 1856, with two per cent. per month after due, and by accident left old note in Stipp's possession. Dooley also owed Stipp, Oct. 11, 1855, a sum of money, which, with fifteen per cent. to March 1, 1856, amounted to $593.15. Stipp proposed to wait for this sum, if Dooley would give his note, due March 1, 1856; Dooley consented, and gave note to draw twenty per cent. after due. Dooley owed Stipp an account of $25, for which he gave his due bill.

At the spring term of court, 1856, Stipp sued Dooley on all the notes and due bill. Dooley was greatly embarrassed, and Stipp was threatening to break him up. Dooley and Stipp came together, computed amount actually due; Dooley confessed two judgments in favor of Stipp—one for $1,278.89, and one for $719.58, being the amount due on notes given by Stipp to Dooley, excluding the note given to Culbertson; that when said judgments were entered, interest was computed at the rate of fifteen per cent., from the date of each note up to the 7th of April, 1857, being the time when it was agreed that executions should be issued on said judgments; and that it was agreed that said Stipp should take the face of said judgments on the 7th of April, 1857.

Oct. 18, 1856, Stipp assigned the judgments to James Niccolls. Niccolls claimed amount of judgments, and six per cent. interest from date. Dooley was still greatly indebted to other parties; a large amount of his real estate had been sold on execution, and redemption about expired, and Dooley, in order to raise money to redeem the land, had to satisfy these liens, and did pay the said Niccolls the amount of each judgment, and six per cent. thereon; that a large amount of said sum paid by Dooley to Niccolls was usurious interest. Bill to to be answered on oath, prayer for decree for one thousand dollars, and for general relief.

Niccolls filed his answer, acknowledging that he bought the judgments against Dooley of Stipp, and that Dooley has paid them; denies all knowledge of fraud or usury in said judgment; denies all other allegations in the bill.

Stipp filed his answer, and says he bought Dooley's note from Culbertson at Dooley's request; that new note was to be given by Dooley to Stipp for amount of old note to Culbertson, with a mortgage on his land to secure the same; that this was the reason why both notes remained with Stipp; that Dooley never gave the mortgage; that said note of $593.88 was given by Dooley to Stipp for ten or twelve small notes Stipp then had against Dooley; denies that any fifteen per cent. was computed on this note; admits commencement of suits, and that Dooley and Stipp settled the whole matter, by Dooley coming into open court and confessing the two judgments as stated in the bill, with stay of execution for twelve months; admits that more than ten per cent. was computed on said notes in said judgments; says the consideration for said money over the ten per cent. interest, was the stay of execution twelve months on each judgment, forbearance to sue when notes were due, and giving up to Dooley several notes that could have been sued before a justice of the

peace and speedily collected, and taking a large note that could only be sued in the Circuit Court; denies that Dooley ever paid Stipp any money, or that Stipp ever loaned Dooley any money; that Stipp bought the notes, or most of them; files copies of both notes as part of his answer; denies that they are usurious; that the twenty per cent. in one, and two per cent. per month in the other, after due, are penalties which do not attach or corrupt the notes if paid promptly; admits the assignment of said judgment to Niccolls, and that Dooley, in a sale of lands to Niccolls, did take these judgments in lieu of a time payment, and will insist on the hearing, that bill is insufficient for a decree; no copies of notes or judgments mentioned in said bill were filed; that bill itself shows the true consideration time given by respondent to complainant for amount of both judgments; that complainant in open court confessed the two judgments, is a waiver of the usury set up in this bill.

The case was submitted on bill, answer and replication. The decree is as follows:

That as to Niccolls, Dooley is entitled to no relief; that as to Stipp, the court being satisfied from the pleadings that interest at fifteen per cent. was computed from the date of the notes up to April 7, 1857, when execution could be issued, it being so charged in bill, and not denied in answer, and that Stipp did agree to take the face of said judgments at any time within twelve months; that as Dooley did defend said suit on the ground of usury, and confessed judgments for amount really due, no relief as to amount of judgments is to be given, but for the six per cent. interest on said judgments, from the rendition thereof for twelve months, with interest on that amount to rendition of this decree, Sept. 15th, 1859, amounting to $137.27.

A decree is rendered against Stipp.

The errors assigned by Stipp are, that the court erred in rendering a decree against Stipp for $137.27. The court erred in rendering any decree against Stipp. The court erred in not dismissing the bill, and entering a decree against Dooley for cost. The court erred in rendering a decree for Dooley without proof, when Niccolls' answer denied all the allegations of the bill, and Stipp's answer denied or avoided all the allegations of the bill. The court erred in rendering a decree in favor of the complainant without proof.

The errors assigned by Dooley are, that the court erred in deciding that Dooley was not entitled as to any portion of the judgments by confession. The court erred in not rendering a decree in favor of Dooley for amount of usury above ten per cent., in the face of the two judgments. The court erred in not

entering a decree in favor of Dooley for the whole amount of said judgments confessed, less the original indebtedness, and ten per cent. interest thereon from its date.

MOORE & GREENE, for Stipp.

R. E. WILLIAMS, for Dooley.

CATON, C. J. These are two writs of error upon the same record, neither party being satisfied with the decree below, and they have been considered together.

The transactions complained of in this bill occurred before our present usury laws were enacted, and by the law as it then stood, the party who had paid usury could file a bill to recover it back, and by that law the rights of these parties must be determined. The cause was set for hearing on bill, answers and replications. The bill was properly dismissed as to Niccolls. He bought the judgment against Dooley without notice of the usury, and collected the amount with the legal interest. Stipp answered under oath as required by the bill, but his answer was not full, and had there been exceptions taken, the court would have required a further answer. Stipp does not in his answer state whether the usury charged in the bill was included in the several notes given to him by the complainant; nor does he state what amount of interest was included in the judgment, for the stay of execution for one year, but he says more than ten per cent. was included. The complainant probably supposing that as the answer did not deny the allegation of the bill, that fifteen per cent. was included in the judgment, that would be taken as admitted on the hearing, and hence did not except to the answer. This, however, is not the rule in chancery, but the complainant must establish by proof whatever is not admitted by the answer, whether it be denied or not. Whatever interest to any amount was included in that judgment, was usury, and to that amount at least the complainant was entitled to a decree. By force of the statute the judgment drew interest just as much as if it had been so expressed on the face of the judgment, and that interest which by force of the statute accrued on the judgment, the complainant was bound to pay, and did pay. All over such legal interest, was of course usury.

The decree will be reversed, and the suit remanded, with directions to refer it to a master to ascertain and report what usurious interest was included in the notes, and also what usury was included in the judgment for which the complainant will be entitled to a decree. Stipp to pay the costs in both causes in this court. *Decree reversed.*