JACOB GLOS *et al.*

*v.*

SARAH A. RANDOLPH.

*Filed at Ottawa May 14, 1890.*

1. REMOVING CLOUD UPON TITLE—*in what cases a bill will lie.* There are but two cases under our statute in which a bill to remove a cloud from title can be maintained, viz., when the complainant is in possession of the premises, or where they are unoccupied.

2. An allegation in a bill to remove a cloud on title, that the premises are vacant and unoccupied, is material, and without proof of it the bill should be dismissed.

3. ALLEGATIONS AND PROOFS—*in chancery.* In a chancery proceeding, all material allegations of the bill neither admitted nor denied by the answer must be proved by the complainant.

APPEAL from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

Mr. H. S. McCARTNEY, for the appellants:

It was necessary for the complainant to have proved the allegation that the premises were vacant and unoccupied. *Gage* v. *Abbott,* 99 Ill. 366; *Gage* v. *Parker,* 103 id. 534; *Hardin* v. *Jones,* 86 id. 313; *Oakley* v. *Hurlbut,* 100 id. 204.

Appellee failed to prove she was the owner of the premises.

| | |
|---|---|
| 133 | 197 |
| 138 | 270 |
| 133 | 197 |
| 49a | 310 |
| 133 | 197 |
| 170 | 251 |
| 173 | 367 |
| 133 | 197 |
| 175 | 23 |
| 133 | 197 |
| 83a | 198 |
| 133 | 197 |
| 84a | 241 |
| 133 | 197 |
| 181 | 150 |
| 133 | 197 |
| s183 | 159 |
| 183 | 379 |
| 133 | 197 |
| 186 | 1589 |
| 133 | 197 |
| f188 | 1468 |
| 133 | 197 |
| 192 | 2 73 |
| 192 | 3 75 |
| 133 | 197 |
| 199 | 1374 |
| 133 | 197 |
| 208 | 1631 |
| 133 | 197 |
| 213 | 1 24 |
| 214 | 1 76 |

Mr. THOMAS S. McCLELLAND, for the appellee:

The bill alleges that the premises were vacant and unoccupied, and the decree finds the bill to be true, and this gives jurisdiction.

This is not an action of ejectment, and to prove title from the government to appellee was not necessary.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Bill by appellee against appellants to remove cloud from title to "south four acres of west half of block 22, in Stough's second addition to the town of Hinsdale." Decree as prayed, and appellants appeal.

The bill alleges, among other things, "that said real estate is vacant and unoccupied." This allegation is material. There are but two cases, under our statute, in which a bill to remove cloud from title can be maintained, viz., where the complainant is in possession of the premises, or where they are unoccupied. (*Hardin et al.* v. *Jones,* 86 Ill. 313; *Oakley et al.* v. *Hurlbut,* 100 id. 204; *Johnson et al.* v. *Huling,* 127 id. 14.) There is no evidence whatever in this record tending to prove the allegation, nor is it admitted by the answer. It is true there is no specific denial of it, but the rule is well settled, that in a chancery proceeding all material allegations of the bill neither admitted nor denied by the answer must be proved by the complainant. *DeWolf et al.* v. *Long,* 2 Gilm. 679; *Dooley* v. *Stipp,* 26 Ill. 86; *Morgan et al.* v. *Herrick, Admr. et al.* 21 id. 481.

For want of proof, on the part of the appellee, that at the time she filed her bill the premises in question were unoccupied, her bill should have been dismissed.

*Decree reversed.*