## C. Figge v. Frank S. Rowlen, Amanda C. Rowlen and M. Fenwick.

1. LIS PENDENS—*When it Exists—Lis pendens* does not exist until the defendant in the bill has been duly served.  In the case of service by publication the *lis pendens* does not commence until the time of the completion of the publication.

2. PRACTICE—*Where a Bill to Remove a Cloud Can be Maintained.*— There are but two cases under our statute in which a bill to remove a cloud from the title of real estate can be maintained, viz.: where the complainant is in possession of the premises, and where they are unoccupied.

3. JURISDICTION—*Of Courts of Eq.  'y to Remove Clouds from Title.* —Courts of equity have jurisdiction of the subject-matter, to remove a cloud from title, and are the only courts in this State which have such jurisdiction.

4. NOTARIES PUBLIC—*Of Foreign States—Not Presumed to Have Authority to Administer Oaths.*—A court can not presume that a notary public of another State has authority to administer oaths, and such authority must be shown in some way or the affidavit will be treated as at nullity.

5. SAME—*How Authority May Be Shown.*—There is no law requiring the authority of a foreign notary to be shown in any particular way; it may be shown by any competent evidence.

6. SAME—*Presumptions as to Authority Shown.*—Where the court finds in the decree that due notice of the pendency of the suit had been given by publication in accordance with the statute, the presumption is that the officer's authority was shown in some proper way.

7. PRACTICE—*Notice of Pendency of Suit—Failure to Preserve Evidence of in the Record Does Not Affect Jurisdiction.*—The failure to preserve the evidence of notice of the pendency of a suit in the record

in no way affects the jurisdiction and can not be urged in a collateral attack.

**Bill to Foreclose a Mortgage.**—Trial in the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Bill dismissed; appeal by complainant. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

CHOISSER, WHITLEY & CHOISSER, attorneys for appellant.

To give a court of equity jurisdiction of a bill to quiet title, or to remove a cloud, the complainant must allege and prove his possession of the premises, or that they are unimproved and unoccupied. Gage v. Parker, 103 Ill. 529; Hardin et al. v. Jones, 86 Ill. 313; Oakley et al. v. Hurlbut, 100 Ill. 204; Gage v. Abbott, 99 Ill. 366; Pratt et al. v. Kendig et al., 128 Ill. 302; Glos et al. v. Randolph, 133 Ill. 197.

R. S. MARSH, attorney for appellee M. Fenwick.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Saline County, by appellant against appellees, to foreclose a mortgage on certain real estate. Trial was had on evidence produced in open court, resulting in a decree dismissing appellant's bill.

The only errors assigned are, that the court admitted improper evidence on behalf of appellees, and acted on such evidence in dismissing appellant's bill.

In 1887 one Robert Mehaffy, a citizen of the State of Ohio, owned the land in question; on the 16th day of December, of that year, he executed to appellee Frank S. Rowlen a deed to it; on the 7th day of July, 1888, Mehaffy filed a bill in the Circuit Court of Saline County against Rowlen to cancel the deed on the ground of fraud; on the 19th day of July, 1888, Rowlen and his wife, Amanda C., executed a mortgage on the land to appellant purporting to secure the sum of $5,000, to become due the following February; at the September term, 1888, of the court, Rowlen made default, and upon a hearing the court found that the deed had been procured by fraud and decreed its cancella-

tion.  In the meantime appellant had placed his mortgage on record in Saline county, and on the 13th day of April, 1891, Mehaffy filed his bill in said court against appellant to cancel his mortgage; at the following September term appellant also made default, and upon a hearing the court rendered a decree canceling the mortgage. There the matter rested until July 23, 1895, when appellant filed his bill in this case to foreclose his mortgage, making appellees Rowlen and Amanda C., his wife, parties defendant, together with appellee Fenwick, who in 1895 had purchased the land from Mehaffy; the Rowlens made default, but appellee Fenwick answered, setting up as a defense his deed from Mehaffy, the pendency, at the time appellant obtained his mortgage, of Mehaffy's bill against Rowlen for cancellation of Rowlen's deed, and the decree canceling Rowlen's deed and appellant's mortgage.

Upon the trial appellee Fenwick offered, and the court admitted, over appellant's objection, the decree in the case of Mehaffy v. Rowlen canceling the deed from Mehaffy to Rowlen, and the decree in the case of Mehaffy v. Figge canceling the mortgage from Rowlen to Figge. Appellant's counsel contend that the decree against Rowlen is wholly irrelevant and that both decrees are void. While it appears that the mortgage from Rowlen to appellant was executed after Mehaffy had filed his bill against Rowlen to cancel the deed, it was before service had, therefore appellant did not take his mortgage *lis pendens*, and is not barred by that decree. In Hallorn v. Trum, 125 Ill. 247, it is held that *lis pendens* does not exist until the defendant in the bill has been duly served, and in Vol. 13, at page 885, Am. & Eng. Ency. of Law, it is said: "In the case of service by publication the *lis pendens* will not commence until the time of the completion of the publication." That decree is not material evidence in the case and it is not necessary for us to determine here whether it is void or valid as against Rowlen.

The case then turns upon the question as to the validity of the decree against appellant, canceling his mortgage.

If that decree is valid when collaterally attacked, as in this case, then it was material evidence, was properly admitted, barred appellant's right to foreclose, and warranted the court in dismissing his bill.

Appellant's counsel contend that the decree is absolutely void for want of jurisdiction over the subject-matter. They assert that the bill is one to remove appellant's mortgage as a cloud from the title, and that it does not contain the averment that Mehaffy, the complainant therein, was in possession of the premises, nor that they were unimproved and unoccupied, and they quote from Glos v. Randolph, 133 Ill. 197:

"There are but two cases, under our statute, in which a bill to remove a cloud from the title can be maintained, viz., where the complainant is in possession of the premises, or where they are unoccupied."

Many cases are cited to the same effect.

It is true, as contended, that if the court that rendered the decree had, under the law, no jurisdiction over the subject-matter embraced in the decree, then the decree is void and can no more stand against a collateral attack than if attacked in a direct proceeding; but it is also true that if the court did, under the law, have jurisdiction over the subject-matter, then the decree will not yield to collateral attack. The test is, would that court, under any circumstances, have legal authority to render such decree; if so, then it had jurisdiction over the subject-matter, and the particular circumstances moving it, in that particular case, can not be inquired into in this collateral proceeding. Courts of equity have jurisdiction over the subject-matter to remove a cloud from the title to real estate, and are the only courts in this State that do have such original jurisdiction. We are of opinion that the decree is not void for want of jurisdiction of the court over the subject-matter.

Counsel also contend that the decree is void for want of jurisdiction over the person of appellant in that case. It is admitted in the answer that he was not served with summons or copy of the bill, and that no notice of publication

was mailed to him.  The decree finds:  Return of summons
"not found;" that defendant was not a resident of this
State; that his place of residence was unknown, and upon
diligent inquiry could not be found; and that due notice
of the pendency of the suit had been given by publication,
in accordance with the requirements of the statute.  Coun-
sel for appellant offered in evidence, in rebuttal, the files of
the case in which the decree was rendered, among them
being the following affidavit:

"ROBERT MEHAFFY ⎫
        vs.         ⎬    Bill in Chancery.
    C. FIGGE.      ⎭

Robert Mehaffy, the above named complainant, on oath,
states that the above named defendant, C. Figge, is not a
resident of the State of Illinois.  Affiant further states that
he has made diligent inquiry to learn the place of residence
of said defendant, but has been unable to ascertain the
same.

                                    R. MEHAFFY.

Subscribed and sworn to this 9th day of April, 1891.

                        W. H. CUNNINGHAM,
[SEAL.]         Notary Public, Allen County, Ohio."

They contend that this affidavit is a nullity, because there
is no certificate of the notary who administered the oath;
that under the laws of the State of Ohio he was authorized
to administer oaths.  It is true a court can not presume
that a notary public of another State has authority in that
State to administer oaths, and the authority of the officer
administering the oath must be shown in some way, or the
affidavit will be treated as a nullity; but there is no law
requiring that fact to be shown to the court in any particu-
lar way.  It may be shown by any competent evidence, and
the court having found in the decree that due notice of the
pendency of the suit had been given by publication in
accordance with the requirements of the statute, the pre-
sumption is that it was shown in some proper way.  This
presumption is conclusive against collateral attacks, unless
overthrown by such state of the whole record as excludes
the possibility of the finding being true.  The record in the
case under discussion shows no such condition.

Figge v. Rowlen.

In Sloan v. Graham, 85 Ill. 27, it is said:

"Had service in the proceeding * * * been made by summons, and it appeared from the summons and return that the service was not sufficient to give the court jurisdiction over defendants, as was held in the cases cited, the presumption of service arising from the finding of the court might be overcome (where decree was rendered at first term of court after the bill was filed). But here the service was by publication of notice, and for aught that appears, the court did not act upon the notice on file. * * * Such is not the only evidence that may be resorted to to prove to the satisfaction of the court due publication of notice."

Counsel insist that such presumption can not exist in this case, because the evidence is not preserved in the record.

"The failure to preserve the evidence in the record * * * in nowise affects the jurisdiction, and can not be urged in a collateral proceeding." Moffitt v. Moffitt, 69 Ill. 641.

In Black on Judgments, Vol. 1, 273–4, it is said:

"On the other hand, if it be a judgment or decree of a * * * court of general jurisdiction, and the record declares that notice has been given, such declaration can not be contradicted by extrinsic proof. * * * The record is conclusively presumed to speak the truth, and can (when collaterally attacked) be tried only by inspection."

We are of opinion the court had jurisdiction of the person of appellant in the case in which it rendered the decree canceling his mortgage; that it was not error for the court to admit that decree in evidence in this case, and that the Circuit Court did not err in dismissing appellant's bill. The judgment of the Circuit Court is affirmed.