356    APPELLATE COURTS OF ILLINOIS.

Foreman Bros. B. Co. v. Kelly-Atkinson Const. Co., 218 Ill. App. 356.

## Foreman Brothers Banking Company, Administrator of Estate of Michael Cahill, Deceased, Defendant in Error, v. Kelly-Atkinson Construction Company, Plaintiff in Error.

### Gen. No. 24,987.

1. JUDGMENT, § 3*—*what is effect of defective declaration.* It does not follow that a judgment for plaintiff is void because the declaration does not show a cause of action, but the judgment is, at most, erroneous.

2. PLEADING, § 45*—*what is effect of defective declaration as to jurisdiction.* A court may have full jurisdiction of an action—the parties and the subject-matter—though the declaration may wholly fail to state a cause of action.

3. COURTS, § 38*—*what is nature of jurisdiction.* The jurisdiction of a court over the subject of a given case is the power of the court to hear and determine cases of the general class to which the case in question belongs.

4. COURTS, § 83*—*what is extent of jurisdiction of circuit court.* The circuit court of Cook county is a court of general jurisdiction, having jurisdiction of the subject-matter of a common-law action to recover damages for a personal injury.

5. APPEAL AND ERROR, § 1303*—*what will be presumed as to evidence when pleadings allege party is not within Compensation Act.* Even though the declaration in an action by the administrator of a deceased employee against a third person to recover for personal injuries to the employee discloses that the employer, the employee and the defendant were all engaged in hazardous occupations as defined by the Workmen's Compensation Act and does not allege that any of them had rejected the act, on an appeal from the judgment of the circuit court therein, the record in which warrants the inference that the parties were not operating under the act, it will be presumed that sufficient evidence was submitted to the court to sustain the judgment, as against the contention that the declaration did not state a cause of action whose subject-matter was within the circuit court's jurisdiction but one placed by such act under the exclusive jurisdiction of the Industrial Board.

6. WORKMEN'S COMPENSATION ACT, § 5*—*what is effect of Compensation Act.* Section 6 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(6)] does not have the effect of abolishing

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

Foreman Bros. B. Co. v. Kelly-Atkinson Const. Co., 218 Ill. App. 356.

all common-law actions where it appears that all the parties were operating under the act, as there are conditions which may be present, although all of the parties are under the act, under which the act would not apply and the employee could bring a common-law action in the circuit court, which would have jurisdiction.

7. APPEAL AND ERROR, § 1290*—*what will be presumed on appeal as to jurisdiction.* On appeal, where the record discloses no motion for a new trial, no motion in arrest of judgment and there is no bill of exceptions embodying the evidence presented to the jury, it will be assumed that the evidence showed the presence of such circumstances as gave the circuit court jurisdiction of a common-law action by the administrator of a deceased employee against a third person to recover for personal injuries, notwithstanding the declaration alleges that the employer, employee and defendant were all engaged in hazardous occupations as defined by the act.

8. APPEAL AND ERROR, § 25*—*what is test of jurisdiction on appeal.* On appeal, the test of the question whether a court had jurisdiction of the subject-matter of the action is, would such court, under any circumstances, have authority to enter the judgment.

9. JUDGMENT, § 281*—*when motion to vacate judgment will be denied.* A motion to vacate a judgment made 2 years after its entry is properly overruled where the judgment is not void.

Error to the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed June 2, 1920. Rehearing denied June 17, 1920. *Certiorari* denied by Supreme Court (making opinion final).

ZANE, MORSE, McKINNEY & MARSHALL, for plaintiff in error.

CHARLES LE ROY BROWN and EDWARD P. MORSE, for defendant in error.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this writ of error, the defendant, Kelly-Atkinson Construction Company, seeks to reverse a judgment for $4,000 recovered by the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

358      APPELLATE COURTS OF ILLINOIS.

Foreman Bros. B. Co. v. Kelly-Atkinson Const. Co., 218 Ill. App. 356.

The defendant filed a bill in equity seeking to enjoin the collection of this judgment, and secured a temporary restraining order which was dissolved when the case was heard and the bill was dismissed for want of equity. The suit in equity has also been brought to this court by writ of error and in the opinion this day filed in that case we have sufficiently set forth the facts on which this action at law was based and we will not repeat them here. *Kelly-Atkinson Const. Co. v. Foreman Bros. Banking Co., ante,* p. 345.

As we point out in that opinion this action at law having been regularly instituted and service had on defendant and the latter having filed no appearance or plea, an order of default was entered on April 13, 1914. It would seem, from the record, that nothing further was done in the case until it was regularly reached on the trial call, for the record recites that on October 19, 1916, "this cause being called for trial, come the parties to this suit by their attorneys respectively and issues being joined herein it is ordered that a jury come  *  *  *  who, being duly elected, tried and sworn well and truly to try the issues joined herein and a true verdict render according to the evidence, after hearing all the evidence adduced," found the defendant guilty and assessed the plaintiff's damages at the sum of $4,000. The record discloses no motion for a new trial and no motion in arrest of judgment and there is no bill of exceptions embodying such evidence as was submitted to the jury.

In urging that the judgment be reversed, the defendant first contends that the judgment was void because the declaration showed no cause of action and no jurisdiction of the court to enter it. In our opinion the judgment was not void. We need not pass upon the question of whether the declaration showed a cause of action for, assuming it did not, it would not follow that the judgment is void. It would be erroneous at most. Likewise the sufficiency of the declaration has

nothing to do with the court's jurisdiction. A court may have full jurisdiction of an action—the parties and the subject-matter—though the declaration may wholly fail to state a cause of action. *O'Brien v. People,* 216 Ill. 354; *Franklin Union No. 4 v. People,* 220 Ill. 355; *O'Connor v. Board of Trustees of Firemen's Pension Fund,* 247 Ill. 54; *Miller v. Rowan,* 251 Ill. 344. It is not denied that the court had jurisdiction of the parties to this suit. The jurisdiction of a court over the subject of a given case is the power of the court to hear and determine cases of the general class to which the case in question belongs. 11 Cyc. 669; *People v. Talmadge,* 194 Ill. 67; *People v. Harper,* 244 Ill. 121; *Miller v. Rowan,* 251 Ill. 344. The circuit court of Cook county is a court of general jurisdiction, having jurisdiction of the subject-matter of a common-law action to recover damages for a personal injury. But it is contended that the declaration discloses, by its allegations, that the deceased, Cahill, his employer, Ralph & Sumner Sollitt Company and the defendant, Kelly-Atkinson Construction Company, were all engaged in hazardous occupations as defined in the Workmen's Compensation Act; that the declaration fails to allege that any of the parties had rejected the act and, under the terms of the act, it must therefore be presumed that they were all operating under the act, in which case there could be no common-law right of action against the defendant; and further that such a declaration does not state a cause of action whose subject-matter is within the jurisdiction of the circuit court but rather one which, by the Workmen's Compensation Act, is placed within the exclusive jurisdiction of the Industrial Board. Our Supreme Court has decided to the contrary in *Zukas v. Appleton Mfg. Co.,* 279 Ill. 171, which was an action by an employee against an employer. The court there said: "Whether the court had jurisdiction to determine defendant's liability to an injured employee

in a common-law action depended upon the fact whether defendant had elected not to be bound by the statute. * * * If, in truth and in fact, it had made such election, then the court had jurisdiction to entertain a suit at common law to determine defendant's liability to an injured employee.'' The declaration in that case failed to allege that the parties had elected not to be bound by the act. Plaintiff offered to prove that such was the case and defendant did not deny the truth of the facts offered to be proved, which proof was prevented by defendant's objection that the question was not in issue in the case as it had not been raised by any of the pleadings. The court said the inference was warranted from the record that the parties were not operating under the act. The same is true of the record in the case at bar. We must presume that sufficient evidence was submitted to the court to sustain the judgment. The record, as indicated by the portions we have referred to, does not support the contention that the sole matter submitted to the jury was the question of the damages to be awarded the plaintiff.

But even if all the parties were under the act as defendant contends, it would not follow necessarily that the circuit court did not have jurisdiction of the subject-matter in this action at law. The contention that section 6 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(6)] abolished all common-law actions where it appeared that all parties were operating under the act is manifestly unsound. Assuming all parties to be so operating, there are a number of situations that may have been present and which are entirely consistent with the allegations in the declaration, under which the act would not apply and Cahill would be entitled to bring a common-law action against this defendant third party, in which event the circuit court would have complete jurisdiction of the subject-matter. We shall not discuss those

situations here, as we have done so fully in the opinion filed in affirming the decree entered in the suit in equity, to which we have referred. As we point out in that opinion, if the circumstances surrounding Cahill's injury were such, that compensation would not be legally payable to him by his employer under the terms of the act, then even though all parties were operating under the act, the act would not apply and in that event he would have the right to bring a common-law right of action against this defendant, and in such a case the circuit court would have jurisdiction of the subject-matter. If, under any circumstances, Cahill would have a right to sue this defendant for a tort, it cannot be said that the trial court was without jurisdiction of the subject-matter. That there were such circumstances has been pointed out. It must be assumed on this record, that the evidence showed the presence of such circumstances as gave the court jurisdiction of the subject-matter. *Figge v. Rowlen,* 185 Ill. 234.

As to whether the circuit court had jurisdiction of the subject-matter in the case at bar, the test is, would that court, under any circumstances, have authority to enter this judgment. *Figge v. Rowlen,* 84 Ill. App. 238; 185 Ill. 234; *O'Connor v. Board of Trustees of Firemen's Pension Fund,* 247 Ill. 54. By this test it seems clear that the circuit court did have jurisdiction over the subject-matter.

The trial court having had jurisdiction over the parties and of the subject-matter and the judgment not being void, it becomes unnecessary for us to pass upon the question whether it was erroneous. The plaintiff has filed pleas of release of errors in this court, basing them upon the fact that the defendant, subsequent to the rendition of the judgment, filed the bill in equity seeking to enjoin plaintiff from enforcing the judgment, and obtained a temporary injunction. The defendant filed a replication to the pleas of release of

errors and the plaintiff filed a general and special demurrer to the replication. Subsequently defendant moved that the plaintiff's demurrer to its replication be carried back to the plaintiff's pleas. Counsel for defendant in their briefs concede "that errors occurring in the course of the proceedings at law, which are errors that could be rectified only by a writ of error, and could not be rectified by a motion to vacate the judgment, were released," by the chancery proceedings referred to and the temporary injunction which was obtained. Subsequent to the conclusion of the chancery suit and more than 2 years after the judgment in the case at bar was entered, defendant made a motion to vacate it. The judgment not being void, that motion was properly overruled.

For the reasons we have discussed, the demurrer to the pleas of release of errors must be overruled, the pleas held to be good and the judgment of the circuit court affirmed.

*Affirmed.*

MR. JUSTICES TAYLOR and O'CONNOR concur.