(No. 13382.—Decree affirmed.)

DAVID B. EATON *et al.* Plaintiffs in Error, *vs.* THE WOMAN'S HOME MISSIONARY SOCIETY OF THE METHODIST EPISCOPAL CHURCH *et al.* Defendants in Error.

*Opinion filed June 22, 1921.*

1. CLOUD ON TITLE—*what is not an averment that complainants are in actual possession.* In a bill to quiet title, filed by the executor under a will and the heirs of the testatrix to remove as a cloud upon title the interest of a devisee which is alleged to have lapsed because of failure to comply with conditions of the devise, an averment that the complainants are in the exclusive possession of the land by reason of the provisions of the will and that the defendant has no right to the possession is not an averment of actual possession or occupancy but is a mere averment of constructive possession, which is not sufficient to show jurisdiction in a court of chancery to quiet title.

2. SAME—*bill to quiet title must show actual possession or that premises are unoccupied or unimproved.* A bill to quiet title or remove a cloud from title which fails to show that the complainant is in possession or that the premises are unoccupied or unimproved is bad on demurrer, as not showing a case for equitable relief.

3. WORDS AND PHRASES—*meaning of term "actual possession."* "Actual possession," as a legal phrase, means actual entry and possession in fact; a foothold or an occupation of the land as a real, demonstrative act done; and is the contrary of possession in law, which follows the title and is called "constructive possession."

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. JAMES S. BAUME, Judge, presiding.

EDWARD MAHER, and BERNHARDT FRANK, (GROSSBERG & HAFFENBERG, of counsel,) for plaintiffs in error.

PARKER H. HOAG, and FREDERICK ULLMANN, (URBAN A. LAVERY, of counsel,) for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiffs in error, David B. Eaton, in his own right and as executor and trustee under the last will and testament of Martha E. Peek, deceased, and the other collateral heirs of the deceased, filed their bill in the circuit court of Ogle county against the Woman's Home Missionary Society of the Methodist Episcopal Church and the collateral heirs of Frank F. Peek, deceased. The bill was based on the claim that the society had not established an orphanage upon the land in question within three years after the death of the testatrix, as required in her will, and that the society, for such failure, had no title or interest in the land and that the same belonged to the heirs-at-law of the deceased testatrix, referred to as the Eaton heirs, and the heirs of her deceased husband, referred to as the Peek heirs. The facts stated in the bill sufficiently appear in a former decision of this court in a partition suit instituted by the Peek heirs against the Woman's Home Missionary Society and the Eaton heirs. (*Peek* v. *Woman's Home Missionary Society,* 293 Ill. 337.) The circuit court sustained a demurrer to this bill and entered a decree dismissing it for want of equity. The executor and trustee and the Eaton heirs bring the record to this court for review by writ of error.

The principal ground upon which the sufficiency of the bill is challenged by defendants in error is that plaintiffs in error failed to allege therein such facts as show that they were in the actual possession of said land. Plaintiffs in

error claim, on the other hand, that the allegations in the bill as to their possession were sufficient and that the court erred in sustaining the demurrer to the bill.

The only clauses in the bill bearing upon the question to be decided are clauses 6 and 8. Clause 6 is in the following language: "The Woman's Home Missionary Society of the Methodist Episcopal Church have never taken possession of the land in question, and your orator, David B. Eaton, as executor and trustee as aforesaid, has succeeded to the possession of said lands by the testatrix, Martha E. Peek, deceased, and as such executors said David B. Eaton is now in possession of said lands devised to the Woman's Home Missionary Society of the Methodist Episcopal Church by virtue of the provisions of the devise aforesaid." Clause 8 is in the following language: "Your orators further represent that not only are they in the exclusive possession of said lands by reason of the provisions of the will and the fact that David B. Eaton, as executor and trustee, is a successor to the possession of the testatrix, but under the very terms of said devise no one but your orators is, are or can be in possession of said lands until the sale or division of the said lands by the executor (as provided for in the devise aforesaid) takes place, and that the Woman's Home Missionary Society of the Methodist Episcopal Church never having established an orphanage on said lands, has never been in possession of said lands or entitled to claim any rights of possession thereto."

The two clauses alleged no facts showing that the plaintiffs in error are in the actual possession of the land. They contain no averments that plaintiffs in error are in actual possession or occupancy of the land. The averments are simply to the effect that plaintiffs in error are in constructive possession, which follows what is called the paper title, and an argument following such averment that they are in such constructive or legal possession. They cannot be taken to amount to an averment of actual possession or occupancy,

which is necessary to show jurisdiction of a court in chancery to quiet title. "Actual possession," as a legal phrase, is put in opposition to the other phrase, "possession in law," or "constructive possession." "Actual possession" is the same as *pedis possessio* or *pedis posito,* and these terms mean a foothold on the land; an actual entry and possession in fact; a standing upon it; an occupation of it, as, a real, demonstrative act done. It is the contrary of a possession in law, which follows in the wake of title and is called "constructive possession." (1 Words and Phrases, 166; 2 Pope's Legal Definitions, 1205.)

Since the statute of 1869 the law in Illinois has been that a bill to quiet title or remove a cloud from title which fails to show that the complainant is in possession or that the premises are unoccupied or unimproved is bad on demurrer, as not showing a case for equitable relief. (*Gage v. Griffin,* 103 Ill. 41; *Gage v. Curtis,* 122 id. 520.) These averments are necessary to give a court of chancery jurisdiction. It is the fact that land is vacant and unoccupied or that the complainant has the actual possession, as already explained, that gives a court of chancery the jurisdiction to quiet his title. An averment that the plaintiff is legally in possession, or an averment equivalent thereto, is not equivalent to an averment of actual possession, but is a mere conclusion and is insufficient. (17 Ency. of Pl. & Pr. 336; 32 Cyc. 1353, 1357.)

There was no averment in the bill that the land is unoccupied or unimproved.

The demurrer to the bill was properly sustained by the court, and the decree is affirmed.     *Decree affirmed.*