(No. 17744.—Reversed and remanded.)
JAMES H. HOOPER, Appellee, *vs.* MICHAEL TRAVER *et al.*—
(JACOB GLOS *et al.* Appellants.)

*Opinion filed October 22, 1927.*

1. CLOUD ON TITLE—*complainant must prove possession under deed or chain of title from government.* To maintain a bill for the sole purpose of removing a cloud upon the title, proof of possession under a deed purporting to convey title is sufficient proof of title and it is unnecessary to show a complete chain of title from the government, but where the complainant alleges that the property is vacant and makes no attempt to prove a chain of title extending back to the government patent, the production of a deed from one who is not shown to have had possession and whose predecessors are not shown to have possession is not sufficient.

2. SAME—*decree cannot be sustained without proof of essential allegations.* Proof of essential allegations in a bill to remove a cloud upon the title must be made if a decree granting relief prayed is to be sustained.

APPEAL from the Circuit Court of DuPage county; the Hon. WILLIAM J. FULTON, Judge, presiding.

JOHN R. O'CONNOR, ALBEN F. BATES, WALTER A. GLOS, and STEPHEN D. MONAHAN, for appellants.

JAMES H. HOOPER, *pro se.*

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, James H. Hooper, obtained a decree quieting title to certain property and canceling tax deeds and certificates of sale to appellants, Jacob Glos and D. Arnold, and the cause comes here on appeal to set aside the decree.

Hooper on December 4, 1925, filed his bill of complaint in the circuit court of DuPage county to quiet the title to lots 19 to 38, both inclusive, in the plat of the re-subdivision of block 19 of Stough's Second addition to Hinsdale, in said county. The bill does not allege title by direct chain

from the government, but alleges that on May 20, 1875, Michael Traver and Mary Jane, his wife, duly executed a quit-claim deed conveying all their right, title and interest in lots 19 and 30 to 32, inclusive, to Oliver J. Stough and delivered the same, and Stough had the deed in his possession among his papers but neglected to record the same, and it remained in his possession until the time of his death, date of his death not being stated in the bill; that on May 20, 1875, Maria E. Warring and William E. Warring, her husband, by good and sufficient quit-claim deed conveyed all their right, title and interest in lots 33 to 38, inclusive, to Stough, who failed and neglected to record said deed and the same remained in his possession among his papers until the day of his death; that appellee obtained his title to lots 19 to 38, both inclusive, from Sherman T. Kimbell by deed; that Kimbell's title is founded on a direct chain of title starting May 27, 1891, from Oliver J. Stough and wife, and continuing through John R. McDonald, Frederick L. Boruff, John P. Boruff, Alfred E. Mitchell, Robert C. Brandon, Lord & Thomas, Daniel M. Lord and Ella A. Thomas, as successive grantees and grantors, to Kimbell; that during all of the time between May 20, 1891, and January 1, 1916, all the general taxes and special assessments upon the property were paid by Stough, McDonald, the Boruffs, Mitchell, Brandon, and Lord and Thomas, co-partners as Lord & Thomas, during the times when they, respectively, held title; that none of the general taxes or special assessments were ever paid after May 20, 1891, by the Travers, the Warrings, or their grantees, if any; that ever since May 20, 1891, the property has been in the actual, undisputed, exclusive and notorious possession of Stough, McDonald, the Boruffs, Mitchell, Brandon, Lord and Thomas while they, respectively, held title to the premises. The bill was amended by interlineation, by leave of court, to show that during all of the time from May 20, 1891, to April 1, 1925, none of the lots were in the possession of the Travers,

the Warrings, or their grantees, if any. The bill further alleged that the lots were hay land during all of the period since 1891; that Stough, McDonald, the Boruffs, Mitchell, Brandon, Lord and Thomas have caused the hay to be grown, cut and harvested from the lots, and that the last mentioned parties have been in the actual, exclusive and notorious possession of the lots during their respective ownership ever since May 20, 1891, down to April 1, 1925; that the Travers and the Warrings have no right, title or interest in or to the lots and appellee should be decreed to be the sole owner thereof in fee simple, free and clear of all clouds upon the title; that the lots are unimproved and vacant and have been unoccupied since April 1, 1925; that on June 19, 1917, lots 31 to 38 were sold to Arnold for the general taxes for 1916, and afterwards the certificates of sale issued by the county clerk of DuPage county were assigned to Jacob Glos, and on June 3, 1920, Glos caused the county clerk of said county to issue to him a tax deed for lots 31 to 38; that the time of redemption had passed but no deed had been issued. The bill alleges certain insufficiencies in the tax sale proceeding, with resulting defects in appellants' tax deeds. As the briefs of appellants do not argue the validity of such tax deeds it is not necessary to further discuss the objection thereto. The bill alleges that John P. Boruff attempted to convey lot 19 to Joseph E. Truitt by warranty deed, which deed was recorded; that Boruff at that time did not own the lot, having prior thereto conveyed the same to Mitchell; that the deed to Truitt is void and of no effect, is a cloud upon the title to lot 19 and should be removed as a cloud. The bill makes the Travers, the Warrings, Truitt, Glos, Arnold, and the unknown owner or owners of tax certificates, parties defendant, and prays that the tax sales, the proceedings thereon, certificates of sale, the tax deed to Glos and the warranty deed from Boruff to Truitt may be set aside and declared null and void and of no effect and removed as

clouds upon the title of appellee; that he may have such other and further relief as equity may require.

The bill was filed to the January, 1926, term of the circuit court. The record shows that on the 9th of January, 1926, appellants, Jacob Glos and D. Arnold, entered their appearance in writing by their counsel, and on January 27, 1926, filed their answer to the bill. On February 4 appellee caused notice to be served upon John R. O'Connor, Stephen D. Monahan and Alben F. Bates, solicitors for certain defendants, notifying them that on Friday, February 5, on the opening of the circuit court of DuPage county, in Wheaton, appellee will move for a rule to file answer instanter, and in default thereof the defendants represented by said counsel will be defaulted for want of an answer, and appellee will ask that the cause be tried instanter and a decree entered as prayed. This notice was ignored by counsel for appellants. On February 5 the record shows the court entered an order giving leave to appellee to amend the bill on its face by adding the words, "that said lots are unimproved and are vacant and have been unoccupied since April 1, 1925," in lieu of the words "to the present date." On February 5 a decree was entered by the court on default of an answer of appellants, which, however, had been on file since January 27 preceding. The decree granted all relief prayed in the bill, and directed that appellee deposit with the clerk the sum of $28.38 to reimburse appellants for money paid out for tax deeds, with interest thereon at five per cent. On April 19, 1926, appellants served notice on appellee of a motion to vacate the decree entered February 5, 1926. On hearing of said motion the court entered an order finding that appellants had duly filed their answer to the bill on January 27, 1926, and that appellee was not entitled to a default or decree against them on February 5, 1926. The order vacated the decree as to appellants and referred the cause to the master in chancery to take the evidence upon the bill and answer of appellants and

report the same to the court with his conclusions, and further ordered that the order be entered upon the equitable condition that appellants pay the costs of the reference, and that the decree hereinafter to be entered shall so provide. The master took the testimony, found that the equities were all with appellee, recommended that the prayer of the bill be granted, the tax deeds and the tax sale be set aside and declared to be clouds upon the title, and that there was due to Glos, in the aggregate, $682.88 from appellee on the setting aside of his tax deeds and tax sale. Exceptions to the master's report were overruled by the court and a decree entered which is virtually a copy of the decree of February 5, 1926, except instead of ordering appellee to deposit $28.38 with the clerk of the court for the benefit of appellants, the court finds that $28.38 has been deposited with the clerk and appellee has paid $150.87 master's fees, and directs that appellee deposit $503.63 in addition to the $28.38 already on deposit with the clerk for the benefit of Glos to reimburse him for moneys laid out or expended for the tax deeds, certificates of sale and subsequent taxes paid, and five per cent interest thereon.

The first assignment of error argued is, that the evidence failed in the essential element of possession to establish the fact that appellee was the owner of the premises described in the bill of complaint. The bill alleged appellee was the owner in fee of the property and that it was vacant and unoccupied. To maintain a bill for the removal of a cloud upon the title, where such is the only relief sought, proof of possession under a deed purporting to convey title is sufficient proof of title, and it is unnecessary in such proceeding to show a complete chain of title from the government. (*Glos* v. *McKerlie,* 212 Ill. 632.) It is not alleged in the bill of appellee that he has been in possession, but it is averred that the property is vacant. He made no attempt to prove a chain of title extending back to the government patent. Where the complainant in a bill

to remove a cloud on title alleges that the property is vacant and unoccupied, it is necessary to offer proof of a deed by the grantor in possession of the property or some acts of ownership or possession by the complainant. Such may be sufficient *prima facie* proof of ownership, but the production of a deed from one who is not shown to have had possession of the property is not sufficient. (*McGowan* v. *Glos*, 258 Ill. 217; *Hewes* v. *Glos*, 170 id. 436.) The only evidence offered by appellee to show ownership of the premises was a certified copy of a deed from Robert C. Brandon conveying the property in question to Lord & Thomas and a quit-claim deed from Daniel M. Lord, widower, and Ella A. Thomas, widow of Ambrose L. Thomas, deceased, conveying their interest in the property to Sherman T. Kimbell, from whom appellee claims title by warranty deed. No proof appears in the evidence identifying the grantors of Kimbell, nor is there any evidence that Kimbell or his predecessors in title were ever in possession. Proof of essential allegations in a bill to remove a cloud on title must be made if a decree granting relief prayed is to be sustained. *Langlois* v. *Stewart*, 156 Ill. 609; *Hutchinson* v. *Howe*, 100 id. 11; *Emery* v. *Cochran*, 82 id. 65; *West* v. *Schnebly*, 54 id. 523.

Other objections, some of which are valid, are raised on this record, but as the defect in appellee's record in the particular mentioned is fatal and the other objections raised are not apt to occur on another hearing, it is unnecessary to discuss them.

Because of the insufficiency of appellee's proof of title the decree is reversed and the cause remanded.

*Reversed and remanded.*