(No. 19735.—<span></span>
JAMES H. HOOPER, Appellee, *vs.* MICHAEL TRAVER *et al.*— (ALBERT H. GLOS *et al.* Appellants.)

*Opinion filed October 19, 1929.*

JOHN R. O'CONNOR, ALBEN F. BATES, and STEPHEN D. MONAHAN, for appellants.

Mr. JUSTICE DUNN delivered the opinion of the court:

This case was a bill to quiet the title of the appellee, James H. Hooper, to twenty lots in a re-subdivision of Stough's Second addition to Hinsdale, in DuPage county, and to set aside certain tax deeds and tax sales to Jacob Glos and D. Arnold, upon which a decree granting the relief prayed for was rendered by the circuit court of DuPage county, which, upon the appeals of Jacob Glos and D. Arnold, was reversed. (326 Ill. 596.) Upon the re-instatement of the cause the death of Jacob Glos, one of the defendants and appellants, was suggested and his heirs were substituted as defendants. The cause was heard on March 27, 1929, on the pleadings and the evidence heard in open court and contained in the master's report, and a decree was entered finding the appellee, Hooper, to be the owner of the lots, reciting a patent including the lots, issued by the United States on October 1, 1839, to John J. Monell, and a regular succession of *mesne* conveyances by which the title to the lots became vested on October 15, 1925, in Hooper. He was decreed to be the owner in fee of the lots, the tax deeds in question were set aside and removed as clouds on his title, and the court found that the appellants had deposited $795.15 with the clerk for the benefit of Arnold and of Glos' heirs as reimbursement for money expended for the tax deeds and subsequent taxes and interest. Jacob Glos' heirs appealed.

The allegations of the bill, the proceedings leading to the decree which was reviewed on the former appeal, and that decree itself, are all set out in the opinion in 326 Ill. and need not be repeated in detail. The bill alleged two conveyances by quit-claim deed on May 20, 1875, to Oliver J. Stough,—one by Michael Traver and Mary Jane Traver, his wife, of some of the lots in question, the other by Maria E. Warring and William E. Warring, her husband, of others of them,—the conveyance of all the lots by Oliver

J. Stough and his wife by two quit-claim deeds on May 27, 1891, to John R. McDonald, and successive deeds by Mc-Donald and his grantees until the final conveyance to Hooper. The successive grantees alleged in the bill after Stough were John R. McDonald, Frederick L. Boruff, John P. Boruff, Alfred E. Mitchell, Robert C. Brandon, Daniel M. Lord and Ambrose L. Thomas, partners, and Sherman F. Kimbell. The bill alleged that Hooper was the owner of the fee and that the property was vacant and unoccupied. The master's report, on which the decree which granted the relief prayed for was based, showed that the evidence of Hooper's title consisted of a certified copy of a quit-claim deed from Robert C. Brandon to Lord & Thomas, and a quit-claim deed from them to Kimbell, who conveyed to Hooper. The evidence did not show that any of the grantors was ever in possession of the property, their deeds were therefore no evidence of title, and there being no other evidence of title, the decree was reversed for the insufficiency of the evidence.

The bill was not amended after the remandment of the cause except to conform to the suggestion of the death of Jacob Glos and to make his heirs parties. The cause was heard on the master's report and evidence heard in open court. The evidence heard in open court has not been preserved by a certificate of evidence but only by the findings of the decree. The bill alleged that the lots were hay land during all of the period since 1891, and Oliver J. Stough, John R. McDonald, Frederick L. Boruff, John P. Boruff, Alfred E. Mitchell, Robert C. Brandon, Daniel M. Lord and Ambrose L. Thomas have caused the hay to be grown, cut and harvested from said land, and have been in the actual, exclusive and notorious possession of the land during their respective ownerships ever since May 20, 1891, down to April 1, 1925, and that the lots are unimproved and are vacant and have been unoccupied since April 1, 1925. The decree found that the lots were hay land dur-

ing all of the period since 1891, and that Oliver J. Stough, John R. McDonald, Frederick L. Boruff, John P. Boruff, Alfred E. Mitchell, Robert C. Brandon, Daniel M. Lord and Ambrose L. Thomas have caused the hay to be grown, cut and harvested from the land, and have been in the actual, exclusive and notorious possession of the land during their respective ownerships ever since May 20, 1891, down to the present date.

There are only two cases under our statute in which a bill to remove a cloud from title can be maintained,—one where the complainant is in possession of the premises, and the other where they are unoccupied,—and an allegation in a bill to remove a cloud on title that the premises are vacant and unoccupied is material, without proof of which the bill must be dismissed. (*Glos* v. *Randolph,* 133 Ill. 197; *Glos* v. *Perkins,* 188 id. 467.) All material allegations in a bill in chancery neither admitted nor denied by the answer must be proved by the complainant. (*DeWolf* v. *Long,* 2 Gilm. 679; *Dooley* v. *Stipp,* 26 Ill. 86; *Glos* v. *Randolph, supra.*) A decree cannot be based upon a state of facts shown by the evidence but not alleged in the bill. Relief can be granted only in accordance with the allegations of the bill, which must be sustained by proof. Even though the evidence shows a state of facts which would warrant the relief prayed by the bill, a decree granting the relief cannot be sustained unless those facts are alleged in the bill. (*Higgins* v. *Higgins,* 219 Ill. 146; *Lewis* v. *Lewis,* 316 id. 447; *Plummer* v. *Worthington,* 321 id. 450.) The allegation of the bill being that the premises were vacant and unoccupied and the finding of the chancellor being that they were in the possession of persons other than the complainant, the decree granting the relief prayed for cannot be sustained.

The decree is reversed and the cause is remanded to the circuit court, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*