James Nelson et al., Plaintiffs in Error, v. John J. Burns, Defendant in Error.

Gen. No. 33,521.

 Opin-
ion filed January 2, 1930.

HARPER E. OSBORN and SLOTTOW & LEVITON, for plaintiffs in error; HARPER E. OSBORN and CHARLES LEVITON, of counsel.

JAMES G. SKINNER, for defendant in error.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This is a writ of error to review a decree entered in the superior court of Cook county sustaining a general and special demurrer to the bill of complaint filed by James Nelson et al., complainants, against John J. Burns, defendant. Complainants elected to stand by their bill and it was dismissed for want of equity.

The bill of complainant charges that one Joseph Nelson, at the time of his death, was possessed of certain real estate known as 3958 and 3960 West Madison Street in the City of Chicago, and that he entered into a lease with the defendant, John J. Burns, by which he demised to the said defendant the first floor, known as number 3958 West Madison Street, also all of the second floor of the premises known as 3958–3960 West Madison Street, for a term of 14 years, commencing January 3, 1916, and terminating January 2, 1930, at a monthly rental of $264; charges that section 12 of said lease provided as follows:

"Twelfth: In consideration of the considerable outlay and cost of permanent improvements made by Lessee, in and about the said premises, it is further covenanted and agreed also, that at the termination of this lease by lapse of time (provided in all cases, however, that the Lessee has made and kept all of the covenants of this lease, theretofore to be performed),

the said Lessee shall have the first refusal of securing another lease of the said premises in question, or any part thereof, for another term. In the event that the respective parties hereto cannot agree as to terms and conditions of any extension or new lease, and provided that such agreement has not been reached on or before May first, 1929, then an appraisal shall be made by three disinterested capable persons to determine a fair rental value of such premises for a new term. Such appraisers shall be owners of property in that part of the City of Chicago, County of Cook and State of Illinois, in which the premises in question are located, and such appraisers shall not be related to any of the parties in interest by consanguinity or affinity, who shall be selected in the following manner: The Lessee shall elect one appraiser and notify the Lessor in writing of the name of the person so chosen, and the Lessor shall thereupon, or within ten days, thereafter, choose one appraiser and notify the Lessee in writing of the person chosen, when the two persons so chosen shall within ten days thereafter, choose a third appraiser, and the three persons so chosen, or any two of them shall proceed forthwith to appraise and establish the fair rental value of such lease on said premises for such new term, and the said appraisers, in making said appraisals, shall take into consideration the adaptability of said premises and improvements for the purposes for which they are used and for which purposes a new lease is desired, and also consideration shall be taken as to the value of improvements made or to be made by said Lessee, and said appraisers shall notify in writing within ten days thereafter the said Lessor and Lessee of the appraisal so made by them, and the decision of said appraisers, or any two of them, shall be final and binding.''

Charges that section 6 of said lease provided that the lessee covenanted and agreed upon the termination

of said lease, to surrender and deliver up said premises; charges that the said Joseph Nelson died and that the complainants became possessed of the title to said real estate; charges that the value of said real estate has greatly enhanced and that the premises leased to the said defendant are worth a rental value far in excess of the sum named in the lease; charges that the said defendant falsely and fraudulently claims and pretends that under the terms of said lease, and particularly paragraph 12, he is entitled to a lease for a further length of time after the expiration of the one under which he is holding possession; charges that the said defendant demanded the sum of $150,000 from Nelson during his lifetime as a condition for the delivering up of possession at the expiration of the term, January 2, 1930; charges that the complainants and the lessee have not been able to come to any understanding with respect to any extension or renewal of the lease in question; charges that the complainants have had numerous opportunities to rent said premises from January 2, 1930, at an increased rental, but that when prospective tenants have visited the premises in question, the defendant has falsely and fraudulently represented to them that he had a right to occupy the premises after January 2, 1930, and intended to continue in possession thereafter; charges that, by reason of said statements, the said defendant has cast a cloud upon the title of complainants which prevents them from leasing or otherwise disposing of the property and has caused irreparable loss to the complainants; charges that the said Burns will continue so to do unless restrained from so clouding the title.

The bill prays that the defendant be enjoined from interfering or attempting to interfere with the leasing of said premises, or from casting a cloud upon their title and interest by claiming any rights in the premises after the termination of the lease on January 2, 1930, and for such other relief as may be granted.

Section 12 referred to in the bill, as originally drawn and presented to the defendant for signature, contained a provision to the effect that the lessee should have the first refusal of purchasing the premises outright, or securing a 99-year lease as to the premises set forth in the lease or any other adjacent ground or property owned by the lessee. This was stricken out and a notation to that effect inscribed on the margin of the lease opposite the section in question, signed by Nelson and Burns.

Stripped of its verbiage, the bill of complaint amounts to a request to a court of equity to restrain the defendant from clouding the title of the complainants by making statements to prospective lessees that he was entitled to another term under the lease in question.

Defendant insists that the bill is filed for the purpose of procuring a declaratory judgment as to the construction of clause 12 of the lease and cites *Willing v. Chicago Auditorium Ass'n*, 277 U. S. 274, wherein the court in its opinion, says:

"Obviously, mere refusal by a landlord to agree with a tenant as to the meaning and effect of a lease, his mere failure to remove obstacles to the fulfillment of the tenant's desires, is not an actionable wrong, either at law or in equity. And the case lacks elements essential to the maintenance in a Federal court of a bill to remove a cloud upon title. The alleged doubt as to plaintiff's right under the leases arises on the face of the instruments by which the plaintiff derives title. Because of that fact, the doubt is not in legal contemplation a cloud, and the bill to remove it as such does not lie."

The court found in that case that plaintiff simply sought a declaratory judgment in regard to the lease between himself and his landlord. It is insisted on behalf of complainants that this is not an attempt to procure a declaratory judgment, but that the defendant

by his statements to prospective lessees, that he intended to remain upon the premises under his lease, after January 2, 1930, was actionable in that he had no rights under the lease and, therefore, by such statements was injuring complainants.

Courts do not undertake to construe provisions of leases before a cause of action arises and will not undertake to construe them for the purpose of guiding litigants in regard to some future course of conduct. Neither does a case of this character come within the section of the Chancery Act Cahill's St. ch. 22, § 50, giving to *nisi prius* courts the right to hear and determine bills to quiet title and to remove clouds.

There is no question of title involved in this proceeding. Both the landlord and the tenant agree that the title is in the landlord. A tenant cannot dispute his landlord's title. The lease, itself, is not a cloud. Complainants, however, seek to create a cloud by reason of statements of the tenant concerning a clause of that lease. We do not believe this is sufficient to place this proceeding among that class of cases intended by the provisions of section 50 of the Chancery Act, Cahill's St. ch. 22, ¶ 50. *Chicago Auditorium Ass'n v. Cramer,* 8 Fed. (2d) 998.

The provision of the lease contained in the instrument entered into by and between the parties, if in itself a cloud, was created by the acts of both the defendant and the complainants. In our opinion, however, section 12 of the lease is more than a cloud. It is a claim under which the defendant asserts his right to a new lease. It may be a good claim or it may be a doubtful claim, but it is more than a cloud.

We see no force in the argument that he should be enjoined from calling the attention of prospective lessees to this clause in his lease, by insisting that his intention is to assert his rights thereunder. If he remained silent, under such circumstances, he might later be estopped by his conduct and silence from asserting

his claim. If he should be asked by a prospective lessee as to what his rights were as a tenant in possession under his lease, he certainly would be obligated to explain his position. There appears to be nothing secret about the facts upon which the defendant bases his claim for a future lease. It is in writing and in the lease and in the possession of complainants and easily accessible to prospective lessees. By a simple reading of this section, they would be fully advised as to the rights, if any, of the defendant.

For other reasons the bill is demurrable. Spoken words are not construed as a cloud upon a title, especially when uttered by a person in possession of the premises. Possession alone is sufficient to create a right which the law says entitles a person in possession to be made a party to any proceeding involving a right or title in the land. *Parker v. Shannon,* 121 Ill. 452; *McCarty v. McCarty,* 275 Ill. 573.

Complainants were not in actual possession of the premises in question and the premises were not unoccupied. A bill to remove a cloud upon the title can be maintained only where premises are unoccupied, or in possession of the one seeking to remove the cloud. *Hooper v. Traver,* 336 Ill. 275. This possession by the complainants must be an actual possession and not a constructive possession. *Eaton v. Home Missionary Society,* 298 Ill. 476.

Section 12 of the lease appears to be based upon a consideration caused by permanent improvements made or to be made upon the premises by the lessee. Complainants have made no tender in their bill of the cost of the improvements, nor offered to do equity. If, as a matter of fact, improvements were made upon the premises, based upon the clause in the lease that the defendant was to be given a new term, in our opinion complainants might be required by a court of equity to do under the circumstances what equity would deem fit and proper.

The demurrers to the bill of complaint were properly sustained.

For the reasons stated in this opinion, the decree of the superior court is affirmed.

*Decree affirmed.*

RYNER and HOLDOM, JJ., concur.