John T. Dieter, Appellant, v. Grace M. Blue et al. James C. Sladky, Appellee.

Gen. No. 8,901.

Opinion filed March 22, 1935. Rehearing dismissed April 30, 1935.

RICHARD F. SHAY, of Chicago, for appellant; EDWARD MCTIERNAN, of Chicago, of counsel.

CLIFFORD C. ELGER, of Chicago, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant brought his bill of complaint to quiet title, in the circuit court of Lake county. He alleged that he was the owner of certain described real estate located in said county, by virtue of a quitclaim deed therefor from one Mary Janisen; that said grantor acquired title to said lands by virtue of a sheriff's deed from the sheriff of Lake county, Illinois. It appears from the allegations of the bill of complaint that one James C. Sladky had caused a levy to be made upon the said premises by virtue of an execution issued out of the municipal court of Chicago, pursuant to a judgment rendered in that court prior to the judgment, levy, and sale under which the said Mary Janisen received her sheriff's deed to said premises. Appellant brought this bill seeking to have the levy and sale of said premises by the said Sladky set aside and declared null and void as a cloud upon his title.

Appellee filed his motion to dismiss the bill of complaint, which motion was in the nature of a demurrer,

538

setting up that the bill was bad on its face for lack of necessary allegations. The trial court dismissed appellant's bill of complaint for such insufficiencies. We have examined the same carefully and do not find wherein it is alleged in any way that the appellant is in possession of the premises or that the same are unimproved and unoccupied. A bill to quiet title or remove a cloud from a title to land, which fails to show that the complainant is in possession thereof, or that the premises are unimproved and unoccupied, is bad on demurrer or motion to dismiss, as not showing a case for equitable relief. *Gage v. Abbott,* 99 Ill. 366; *Eaton v. Woman's Home Missionary Society,* 298 Ill. 476; *Hooper v. Traver,* 336 Ill. 275; *Miller v. Akin,* 350 Ill. 186.

For failure of the bill of complaint to incorporate the above allegations, the order of the circuit court dismissing same was correct, and judgment as entered therein is hereby affirmed.

*Order and judgment affirmed.*