THEOPHILUS T. FOUNTAIN *et al.*

*v.*

JOSEPH BOOKSTAVER *et al.*

*Filed at Mt. Vernon May 9, 1892.*

1. NEGOTIABLE INSTRUMENTS—*how assigned—indorsement on paper attached.* Generally, an assignment of a negotiable instrument must be indorsed on the instrument itself,—that is, written on the back of it; but if, by reason of the number of indorsements, the back of the instrument is so covered as to make it necessary that an extra piece of paper be attached to or pasted on the instrument, that may be done, and all subsequent indorsements may be written on the attached paper.

2. SAME—*of parol authority to an agent to execute or indorse.* Authority to an agent to execute or indorse a negotiable instrument may be given by parol, and no particular form of words is necessary for that purpose.

3. MORTGAGE—*to secure the payment of a note—how transferred.* A mortgage securing the payment of a note, being but an incident to the debt, whatever is sufficient to transfer the title to the debt will also transfer the interest of the mortgagee, and the mortgagee having as-

signed the mortgage debt, thereafter holds the mortgage for the benefit of the assignee of the debt.

4. SAME—*liability of mortgagee or his assignee in possession to account.* Where the legal holder of notes secured by mortgage, after condition broken, enters into possession of the mortgaged premises, he will occupy the same position as an original mortgagee in possession, and become liable to account for the rents and profits actually received, or which by proper diligence he might have received, to be credited upon the indebtedness from year to year, first in extinguishment of the interest, and then of the principal.

5. EJECTMENT—*against the holder of a mortgage, in possession.* The legal holder of notes secured by mortgage on land and equitable holder of the mortgage, being in the peaceable possession of the mortgaged premises, can not be dispossessed therefrom by the grantee of the mortgagor until the mortgage debt has been paid or otherwise legally extinguished.

6. If ejectment be brought by one claiming under a mortgagor of the premises against the mortgagee in possession, or one holding under him as tenant, the mortgage will constitute a complete defense to the action, for the reason that ejectment can not be maintained against one lawfully in possession.

7. An equitable assignee of a mortgage, after condition broken, being in possession of the land mortgaged, and being the holder of the note secured by the mortgage, and the assignee thereof, can defend his possession under the mortgage in ejectment brought by the mortgagor, or those claiming under him.

8. SAME—*tender unavailing.* Prior to the bringing of an action of ejectment by one claiming under a mortgagor, against the assignee of the mortgage debt, the plaintiff offered to one of the defendant's attorneys a sum of money claimed to be the amount due under the mortgage, which was refused: *Held,* that the tender was unavailing, as treating the defendant as a mortgagee in possession. An accounting between the parties as to the amount remaining due to the defendant can not be settled in ejectment.

9. STATUTE OF LIMITATIONS—*running of, against mortgagee in possession.* Where the assignee of a note secured by mortgage on land enters into possession after condition broken, and before the Statute of Limitations has run against the mortgage debt, the Statute of Limitations will not have any application against his right to possession until paid by the rents and profits, or otherwise. Such entry by him is one of the well known remedies for the collection of a mortgage debt.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. THOMAS J. LAYMAN, for the plaintiffs in error:

The assignment of a note must be under the hand of the payee or his legal assignee, and it must be on the note. Then, can it be assigned by an agent?

The legal title to a note is not transferable by a separate instrument, but only by indorsement on its back, and delivery. *Rgan* v. *May*, 14 Ill. 49; *Fortier* v. *Darst*, 31 id. 212; *Badgley* v. *Votrain*, 68 id. 25; *Schuer* v. *Edgerton*, 13 Bradw. 132.

Even admitting a valid and legal assignment of the notes, that only carries with it the equitable and not the legal title to the mortgage. 1 Jones on Mortgages, 818; *Camp* v. *Small*, 44 Ill. 37; *Honore* v. *Wiltshire*, 109 id. 103; *Barrett* v. *Hinckley*, 124 id. 32.

A mortgage being an estate or interest in land, can be assigned only by deed. 1 Jones on Mortgages, 802; *Barrett* v. *Hinckley*, 124 Ill. 32.

Defendant can not hold the lot, for the reason that the sum due under the mortgage was tendered before suit was brought.

That the Statute of Limitations applies against the claim of defendant, see *Conley* v. *Pierson*, 4 Gilm. 108; Buswell on Limitations, 535; *Pollock* v. *Maison*, 41 Ill. 516; *Gibson* v. *Rees*, 50 id. 383; *Kallenbach* v. *Dickinson*, 100 id. 421; *Zeizler* v. *Tenessy*, 23 Bradw. 123.

Mr. R. W. S. WHEATLEY, and Mr. BENJ. W. POPE, for the defendants in error:

When the back of a note is covered with indorsements, the holder may tack or paste on a piece of paper sufficient to bear his own and subsequent indorsements thereon. 1 Daniell on Neg. Inst. p. 547, sec. 690.

The effect of the payments on the notes was to revive the debt. *Kallenbach* v. *Dickinson*, 100 Ill. 434.

Where possession is taken under a mortgage before the right of entry has expired, the party may defend under the mortgage after the debt is barred. *Emory* v. *Keighan*, 88 Ill. 483.

Taking possession of mortgaged premises is one way of collecting the mortgage debt, and when taken the mortgagee can not be disturbed in such possession until the debt is fully paid. *Kilgour* v. *Gockley*, 83 Ill. 109.

An assignment of a debt carries the mortgage with it. *Vansant* v. *Allmon*, 23 Ill. 30 ; *Pardee* v. *Lindley*, 31 id. 174 ; *Olds* v. *Cummings*, 31 id. 188 ; *Herring* v. *Woodhull*, 29 id. 92 ; *Hamilton* v. *Lubukee*, 51 id. 415.

The amount tendered was insufficient. But a tender does not restore the mortgagor to the legal title. (3 Wait's Actions and Defenses, 67.) And if the mortgagee has received enough rents and profits, ejectment does not lie until an accounting. Adams on Ejectment, 106.

Mr. Justice Wilkin delivered the opinion of the Court:

This was an action of ejectment, in the court below, by plaintiffs in error, against defendants in error, to recover possession of lot 13, block 6, in railroad addition to the city of DuQuoin. The case was tried on a plea of the general issue, without a jury, and judgment rendered for the defendants. A motion for new trial at common law being overruled, plaintiffs below prosecute this writ of error.

On May 13, 1864, William Golightly became seized of said premises in fee, and continued to own the same until October 29, 1888, when he conveyed, by quitclaim deed, to Samuel Williamson. Plaintiffs in error claim title by quitclaim deed from the said Williamson. The defendant in error Mary E. Bookstaver is the real defendant in interest, and she relies upon three defenses, viz., former adjudication, title under a tax deed, and the right to possession of said lot under a mortgage. Being of the opinion that the last is a complete defense to this action, the other two need not be noticed in this opinion.

On the 23d day of November, 1869, William Golightly, then being the owner of said premises, executed and delivered a

mortgage on the same to one James Blackburn, to secure the payment of two promissory notes, one for the sum of $500 and the other for $10, each bearing ten per cent interest from date, and due in one year. The smaller of these notes was attached to the other with paste, and on the back of it (the ten dollar note) was pasted a slip of paper, on which were written the following assignments:

"For value received, (to-wit $269.40,) I hereby assign the within two notes, and mortgage securing the same, to Louisa Golightly, this July 15, A. D. 1876.    JAMES BLACKBURN."

"Louisa Golightly, to Mary E. Bookstaver, for value received, this June 12, 1883.    LOUISA GOLIGHTLY,
"Wit.: R. W. S. Wheatley."    By Henry Golightly, her ag't.

There is no controversy as to the fact that immediately upon the making of this last indorsement Mary E. Bookstaver took possession of said lot under said mortgage, and has continued in possession thereof from that time to the bringing of this suit, and she set up said mortgage as a defense on the trial in the circuit court. Plaintiffs in error insist that defense is not available to her, first, because she has not shown such a title to the mortgage as entitles her to claim under it in this suit. In support of this position they say, the legal title to the mortgage indebtedness never passed to her by the said indorsements, because they were written on a slip of paper attached to the notes, and not on the notes themselves. Generally, an assignment of a negotiable instrument must be indorsed on the instrument, viz., written on the back of it, that being the meaning of the word "indorsement." If, however, by reason of the number of indorsements, the back of the instrument is so covered as to make it necessary, "an extra piece of paper may be tacked or pasted on the instrument, and all future indorsements may be written on the attached paper." (Tiedeman on Com. Paper, sec. 265; 1 Daniell on Neg. Inst. sec. 690.) It can not be seriously said there is no

30—141 ILL.

evidence in this record tending to bring the assignment in question within this exception to the general rule. It appears from the notes copied into the bill of exceptions, that many indorsements of payments of interest had been made upon them prior to the date of the assignment to the defendant, and that fact, in the absence of all proof to the contrary, is sufficient to warrant the conclusion that the backs of the notes were covered, and that the "allonge" or additional piece of paper was necessarily attached in order to make further indorsements on the same.

The contention that the proof fails to establish the agency of Henry Golightly to make said assignment, is overcome by the evidence of Joseph Bookstaver, who testified that said Henry was the husband of Louisa, and that he made the assignment in pursuance of an agreement by the witness with her. Authority to an agent to execute or indorse a negotiable instrument may be given by parol, and no particular form of words is necessary for that purpose. 1 Daniell on Neg. Inst. 209.

It is further contended that the indorsements on said notes did not amount to an assignment of the legal title to the mortgage, and therefore gave the defendant no right to the possession of said premises. It can not be denied that if the legal title to the notes passed to said Mary E. Bookstaver, she thereby became the equitable assignee of the mortgage. The rule has been often announced by this and other courts, that, the mortgage being a mere incident to the debt to secure which it is executed, whatever is sufficient to transfer the title to the debt will also transfer the interest of the mortgagee, and the mortgagee having assigned the mortgage debt, thereafter holds the mortgage for the benefit of the assignee of the debt. In this case it is shown that the mortgage was in the possession of the defendant, she offering it in evidence on the trial, together with the notes. Can she then, as the legal holder of the mortgage indebtedness and the equitable

holder of the mortgage, being in the peaceable possession of the mortgaged premises, be dispossessed thereof by the grantees of the mortgagor, until the debt has been paid or otherwise legally extinguished? Plaintiffs in this action occupy no better position than would William Golightly were he prosecuting this suit. (*Kruse* v. *Scripps*, 11 Ill. 98; *Taylor* v. *Adams*, 115 id. 574.) Especially is this so since the defendant was in the peaceable possession of the mortgaged property long prior to the conveyance by the mortgagor, and neither the mortgagor nor the grantors of plaintiffs assumed to do more than convey their "*interest*" in the premises by quitclaim deeds. Had this action been brought against the mortgagee in possession, or one holding under him as tenant, the mortgage would have been a complete defense, as was held in *Hall et al.* v. *Lance et al.* 25 Ill. 281, and *Keil et al.* v. *Healey et al.* 84 id. 104, and this for the reason that ejectment can not be maintained against one lawfully in possession.

It is difficult to see upon what principle the possession of an equitable assignee of a mortgage, when peaceably acquired, is less lawful than would be that of the mortgagee himself, or his tenant; and so it was held in *Kilgour* v. *Gockley*, 83 Ill. 109, that an "assignee of a mortgage, after condition broken, being in possession of the real estate mortgage, and also being the holder of the note secured by the mortgage, and the assignee thereof, can defend his possession under the mortgage, in ejectment brought by the mortgagor or those claiming under him." It is true, in that case Justice DICKEY, in rendering the opinion of the court, speaks of the note and mortgage as each being assigned; but as we have already seen, a mortgage is as effectually assigned by a transfer of the mortgage indebtedness without any indorsement upon the mortgage as with it. In principle, *Harper et al.* v. *Ely et al.* 70 Ill. 581, and *Oldham et al.* v. *Pfleger*, 84 id. 102, are to the same effect as *Kilgour* v. *Gockley.*

It is further contended that the Statute of Limitations had run against the mortgage indebtedness, and therefore all right of possession to the mortgaged premises in the mortgagee, or his assignee, was at an end when the suit was brought. If this was an action by the holder of the mortgage to foreclose the same, or to obtain possession of the premises under it, there would be some question as to whether there is sufficient proof of payments on the mortgage indebtedness to prevent the bar of the statute; but if we are correct in our conclusion as to the rights of the defendant already in possession under the mortgage, no question of limitation is involved in the case. From what has already been said, it will be seen that Mary E. Bookstaver entered into possession in 1883, after condition broken, and before the Statute of Limitations had run against the indebtedness. By so doing she pursued one of the recognized modes under the law for the collection of the mortgage debt. She occupied the same position in that regard as an original mortgagee in possession, and "became liable to account for the rents and profits actually received or which by proper diligence she might have received, to be credited upon the indebtedness from year to year, first in extinguishment of the interest, and then of the principal." (*McConnel* v. *Holobush et al.* 11 Ill. 69.) Manifestly, while she was thus proceeding to collect the debt in a lawful manner no statute of limitations could run against her. She had the right to remain in possession until the debt was fully satisfied. *Harper et al.* v. *Ely et al.* 70 Ill. 581; *Keil et al.* v. *Healey et al.* 84 id. 104; *Emory* v. *Keighan et al.* 88 id. 482.

It is finally insisted that all rights of the defendant under said mortgage were terminated by a tender to her or her attorney of the balance due thereon, prior to the bringing of this suit. All that was shown by the evidence in that regard was, that a certain amount of money was offered to one of defendants' attorneys as the amount remaining due on said notes, and that he refused to accept it. It is not even at-

tempted to be shown, by computation or otherwise, that the amount so tendered was the full amount of the balance due on the mortgage indebtedness. Treating the defendant as entitled to the same rights in this action as a mortgagee in possession, an accounting between the parties as to the amount remaining due her, if anything, can not be settled in this action. 1 Jones on Mortgages, sec. 716; 3 Wait's Actions and Defenses, p. 67; Adams on Ejectment, 106; *Oldham et al.* v. *Pfleger*, 84 Ill. 102.

The judgment of the circuit court was right, and will be affirmed.

*Judgment affirmed.*