## JACOB GLOS

*v.*

## EMORY B. PERKINS.

*Opinion filed December 20, 1900.*

1. CLOUD ON TITLE—*when decree removing cloud cannot be sustained.* A decree canceling tax deeds as clouds upon complainant's title must be reversed if there is no evidence to sustain the complainant's allegation that the premises were vacant and unoccupied, which allegation was denied by the answer.

2. EVIDENCE—*evidence that property was vacant some years before filing bill is not sufficient.* Evidence that property was vacant and unoccupied some years before the filing of a bill to cancel tax deeds as clouds upon complainant's title does not support an allegation that the property is vacant and unoccupied, since it cannot be presumed from such proof that the property remained unoccupied up to the time the bill was filed.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an appeal by Jacob Glos, defendant below, from a decree rendered against him on a bill in chancery in the circuit court of Cook county, by Emory B. Perkins, to remove as clouds five several tax deeds to lot 34 of block 47, Washington Heights subdivision, in the village of Morgan Park, Cook county, Illinois. The bill alleges that complainant is the owner of the lot, which is vacant and unoccupied; that defendant, Glos, claims title thereto through certain tax deeds, describing them; that said deeds are invalid for several reasons, which are set out. The prayer is that the several tax deeds be set aside, complainant offering to pay defendant his costs paid for taxes, etc., with interest. A demurrer was filed to the bill, which was overruled. Defendant then answered, denying the allegation of title in complainant and denying that the lot in question was vacant, claiming himself to be the legal owner of the lot, and that he had paid large

sums over and above those stated in the bill, for taxes, costs, etc. Upon the issues thus made, evidence was taken and the cause heard before a master, resulting in a decree finding the equities with the complainant, and ordering that the deeds be canceled upon complainant paying to the defendant the sum of $146.36, being the taxes upon the property, with accumulated costs, charges and interest thereon. This sum being refused by defendant upon a tender to him of that amount, the decree orders that the same be paid to the clerk of the court, and that the tax deeds be canceled and annulled and the defendant be enjoined from asserting or claiming any right or title under the deeds. From that decree defendant appeals.

ENOCH J. PRICE, for appellant.

E. M. WINSTON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Under the bill and answer the burthen of proof was upon the complainant to establish two facts in order to entitle him to maintain his bill: First, that he was the owner of the premises; and second, that they were vacant and unoccupied. (*Glos* v. *Randolph,* 133 Ill. 197.) Even if it should be conceded, for the purposes of this opinion, that the deed sufficiently established the former fact,—that is, that he had title to the premises,—there is an entire absence of proof in the record that they were vacant and unoccupied. This is not denied, except upon the unwarranted theory that by proving that they were unoccupied some three years prior to filing the bill, the presumption will obtain that they continued to be vacant and unoccupied,—citing and relying upon the rule laid down in Greenleaf on Evidence, (vol. 1, sec. 41,) where it is said: "When, therefore, the existence  *  *  *  of a state of things is once established by proof, the law pre-

sumes that  *  *  *  state of things continues to exist as before until the contrary is shown or until a different presumption is raised, from the nature of the subject in question." Manifestly, this rule can have no application to the question here raised. The premises may have been vacant and unoccupied three years prior to the filing of the bill and yet not vacant and unoccupied at the time of the filing of the bill. There is no fixed or continuing condition of property as to being vacant or unoccupied.

Other·questions are raised on the record, but in view of·what we have said with reference to the lack of material proof, they become unimportant.

The bill should have been dismissed for the reason stated, and the decree of the circuit court will therefore be reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*