JACOB GLOS *et al.*

*v.*

JOHN KEMP *et al.*

*Opinion filed October 24, 1901.*

1. CLOUD ON TITLE—*complainant must prove possession.* A bill to remove a cloud from title can only be maintained where the complainant is in possession when the bill is filed, or the premises are vacant; and if possession is alleged it must be proved.

2. EVIDENCE—*what does not sustain allegation of possession by tenant.* An allegation of possession by tenant is not established by proof of such possession up to a time nearly two years before the bill was filed; nor can any presumption of a continuance of possession arise where the tenant himself testifies that he occupied the premises "from October, 1896, until April or May, 1898," which latter date was nearly two years before the bill was filed.

3. SAME—*in chancery, allegations neither admitted nor denied must be proved.* Failure of the defendant in a bill to remove a cloud from title to deny the complainant's allegation of possession by tenant at the time of filing the bill does not relieve the complainant from the necessity of proving such allegation.

APPEAL from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

GAGE & DEMING, for appellants.

M. B. & F. S. LCOMIS, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill in chancery, filed on March 20, 1900, by the appellees against the appellants to set aside a tax deed, and remove the same as a cloud upon the title to certain property, claimed to be owned by the appellees.

The bill alleges, that the appellees here, complainants below, were, at the time of the filing of the bill, in the actual possession of the premises through their tenants. The point is made by the appellants, that there is no proof in the record sustaining this allegation in the bill in regard to possession. The allegation is material. A bill to remove a cloud from title can only be maintained, where the complainant is in possession of the premises, or where the premises are vacant or unoccupied. The possession must exist at the time of the filing of the bill, or the premises must be vacant or unoccupied at the time of the filing of the bill. If the jurisdiction of the court is based upon the fact, that, at the time of the filing of the bill, the complainant is in possession of the property, the bill must allege such possession, and the complainant must prove it. The fact of such possession must be proven as alleged, and the burden of proving it is upon the complainant in the bill. (*Johnson* v. *Huling*, 127 Ill. 14; *Glos* v. *Randolph*, 133 id. 197; *Glos* v. *O'Toole*, 173 id. 366; *Glos* v. *Goodrich*, 175 id. 20; *Glos* v. *Beckman*, 183 id. 158).

In the case at bar, the proof does not sustain the allegation of the bill that the complainants were in possession of the premises at the time when the bill was filed. There is proof, tending to show that one Fred G. Nixon was in possession of the premises from October, 1896, to

May, 1898, as the tenant of the appellees. But there is no proof, that Nixon was in possession of the premises, as the tenant of appellees, at the time when this bill was filed on March 20, 1900.

It is said by counsel for appellees that, where there is proof of the possession of land at a particular time, there is a presumption of the continuance of such possession thereafter. It is, therefore, argued that, inasmuch as the appellees were in possession by their tenant in May, 1897, and up to May, 1898, they will be presumed to have continued such possession up to March 20, 1900, when the present bill was filed.

Undoubtedly, it is a general rule that, when a state of things is once established by proof, the law presumes that such state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question. (1 Greenleaf on Evidence, pars. 41, 42; *Glos* v. *Randolph,* 138 Ill. 268). In *White* v *White,* 105 Ill. 313, this court said, *in arguendo,* that, where a person was in possession of land in 1842 and in 1843, "there might be a presumption therefrom of a continuance in possession, and that he was in possession at any subsequent time."

The presumption, however, thus referred to, only continues to exist until the contrary is shown. In the present case, one of the appellees, Samuel Kemp, testifies that the appellees were in possession of the premises in question in the spring and summer of 1897, through their tenant, Nixon. He testifies that Nixon was there then, and after that, but that he could not say how long after that he continued to be there. It is doubtful whether the testimony of Samuel Kemp, standing alone, would give rise to the presumption that the possession, to which he referred, continued up to the time of the filing of the bill. (*Glos* v. *Perkins,* 188 Ill. 467). But Nixon himself was examined as a witness, and the following is the material part of his testimony upon this subject:

Q. "Was this a lease under which you occupied said property?

A. "Yes, sir.

Q. "From what time until what time did you occupy those premises?

A. "From October, 1896, until April or May, 1898."

This statement, made by Nixon, can mean nothing else than that his occupancy ended in April or May, 1898. As he was in possession under a lease from October, 1896, until April or May, 1898, according to his own statement, the inference is inevitable that he was not in possession after the latter date. In view of the fact, that he himself limits the period of his occupancy to the period between October, 1896, and May, 1898, the presumption does not obtain that his possession continued until March 20, 1900.

Counsel for appellees lay stress upon the fact that the allegation in the bill, that the complainants were in possession when it was filed, is not denied by the defendants in their answer. The difficulty, however, cannot be thus relieved, because the rule is well settled that, in a chancery proceeding, all material allegations of the bill, neither admitted nor denied by the answer, must be proved by the complainant. (*Glos* v. *Randolph*, 133 Ill. 197; *Davis Paint Co.* v. *Metzger Oil Co.* 188 id. 295).

It is not necessary to consider the other questions involved in the case. The fact of possession by the complainants at the time of the filing of the bill being material and jurisdictional in its character, the absence of proof in regard to the existence of such possession at that time is fatal to the correctness of the decree entered by the court below.

Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*