(No. 25035.—

THE FIRST NATIONAL BANK OF ASSUMPTION *et al.* Appellees, *vs.* NANCY A. GORDON *et al.* Appellants.

*Opinion filed April 17, 1939—Rehearing denied June 8, 1939.*

JONES, J., dissenting.

LEAL W. REESE, and W. B. MCBRIDE, for appellants.

HOGAN & COALE, and FLESHER & TAYLOR, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Appellee Alta C. Workman sought to quiet the title to the northeast quarter of the southeast quarter, and appellee the First National Bank of Assumption, Illinois, sought to remove clouds from and quiet the title to the southeast

quarter of the southeast quarter, the southeast quarter of the southwest quarter, and all of the southwest quarter of the southeast quarter west of the Illinois Central Railroad Company's right-of-way, all in section 12, township 13 north, range 1 east of the third principal meridian in Christian county, Illinois. The complaint was filed April 10, 1937, in the circuit court of Christian county. The decree was rendered as prayed and, since a freehold is involved, appellants have appealed directly to this court.

On January 21, 1927, the appellant Nancy A. Gordon, owned the last three tracts above described and Vera E. Shull and Ezra E. Shull, the daughter and son-in-law of Mrs. Gordon, owned the remaining tract. On that day Mrs. Gordon conveyed the southeast quarter of the southeast quarter of section 12 aforesaid, to the Shulls. On February 1, 1927, they mortgaged it and their forty acres to the Milliken Trust Company to secure payment of their note for $7500. Two weeks later the Shulls reconveyed the southeast quarter of the southeast quarter to Mrs. Gordon, subject to the mortgage. January 28, 1932, a new note for $8300, secured by a mortgage which included all four tracts, was executed by the Shulls and Mrs. Gordon. Although Nancy A. Gordon was a joint obligor on the note with the Shulls she received none of the consideration for it. This note and mortgage were sold by the Milliken Trust Company to Mabel Mills Walker who foreclosed the mortgage by a decree rendered on October 24, 1935. The 132 acres were sold *en masse* to the First National Bank of Assumption at the foreclosure sale December 16, 1935. The bank obtained a judgment against the Shulls alone on May 5, 1934, for $1606.34 and costs, but redeemed from the foreclosure sale at the end of twelve months, levied execution on the 132 acres and, since only the redemption money was bid, it received a sheriff's deed to the four parcels. By this redemption the 92 acres of the Gordon land was released from any lien the bank had. January 22, 1937, Nancy A.

Gordon executed a mortgage covering her 92 acres, to the appellant Leal Reese, securing payment of $5000. The bank sold the Shull land, the northeast quarter of the southeast quarter first above described, to Alta C. Workman who went into possession, and there is no question raised here as to this 40-acre tract.

The bank seeks to quiet title to the three Gordon tracts, to remove the Reese mortgage as a cloud on its title, and to enjoin Nancy A. Gordon from prosecuting her forcible entry and detainer suit against one Rosenberger, who had been her tenant under a lease for one year of the above described 40 acres, the southeast quarter of the southeast quarter, etc.

Mrs. Gordon contends that the chancellor was without jurisdiction to render the decree because the appellee bank had neither alleged nor proved that it was in actual possession of her land. She pointed out by the fourth paragraph of her motion to strike the complaint that "the complaint discloses that the defendant, Nancy A. Gordon, is in possession of and holds a valid judgment for possession of all of the real estate claimed by the plaintiff, the First National Bank of Assumption, Illinois." The bank's allegation of possession, in the complaint, was that it held possession "of said premises by virtue of said deed." The reference here is to the sheriff's deed issued when it redeemed from the foreclosure sale. The bank offered no proof of possession of any of the Gordon land. In her answer Mrs. Gordon also set up the fact of her possession.

We have held uniformly that it is necessary for plaintiff to allege and prove actual possession at the time suit is filed in order to maintain a bill to quiet title or to remove clouds from title. (*Glos* v. *Kemp*, 192 Ill. 72; *Lister* v. *Glos*, 236 id. 95; *Bauer* v. *Glos*, id. 450; *Eaton* v. *Woman's Home Missionary Society*, 298 id. 476; *Plenderleith* v. *Glos*, 329 id. 382.) In *Eaton* v. *Woman's Home Missionary Society*, *supra*, we held that an averment that the complainants were

in possession of the lands there in question by virtue of the will of the testatrix was not an allegation of actual possession. The complaint in the case before us was defective in this same particular and should have been stricken, so far as it involved the lands of Nancy A. Gordon.

What has been said does not affect the decree in so far as the northeast quarter of the southeast quarter of said section 12, the property of appellee Alta C. Workman, is concerned, since no question is raised on this appeal as to that tract.

For the reasons stated the decree is reversed as to the appellant Nancy A. Gordon, and the cause is remanded, with directions to sustain her motion to strike the complaint.

*Reversed in part and remanded, with directions.*

Mr. JUSTICE JONES, dissenting.