(No. 25579.—

THE FIRST NATIONAL BANK OF ASSUMPTION, Appellant, *vs.* NANCY A. GORDON *et al.* Appellees.

*Opinion filed June 14, 1940—Rehearing denied October 9, 1940.*

HOGAN & COALE, and FLESHER & TAYLOR, for appellant.

LEAL W. REESE, and W. B. McBRIDE, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

April 17, 1939, a decree of the circuit court of Christian county rendered in favor of one of the plaintiffs, the First National Bank of Assumption, Illinois, and against one of the defendants, Nancy A. Gordon, removing clouds from and quieting the title to three tracts comprising 92 acres was reversed by this court and the cause remanded, with directions to sustain the defendant's motion to strike the complaint. The propriety of like relief granted to Alta C. Workman with respect to a parcel of 40 acres was not challenged on the appeal. (*First Nat. Bank of Assumption v. Gordon,* 371 Ill. 424.) Thereafter, the complaint, to the extent it applied to the tract of 40 acres. was stricken and, on motion of the plaintiff bank, Alta C. Workman was dismissed as a party plaintiff. Conformably to the mandate of this court, the original complaint was stricken. By the first count of its amended and supplemental complaint the plaintiff again sought to quiet title to the 92 acres. In addition, the amended complaint contained a second count in ejectment. The defendants, Mrs. Gordon, Vera E. Shull, Ezra E. Shull, Leal W. Reese and Vernon Williams, moved to strike, making the averments, among others, (1) that the rights of the litigants had been finally adjudicated and

determined by this court and (2) that the plaintiff did not allege it was in possession when the action was commenced. The motion to strike was sustained as to the first count, and denied as to the second. Plaintiff elected to abide by its pleading, and an order was entered dismissing the first count. Issue was joined upon the second count, evidence was introduced by the plaintiff, and judgment was rendered against it and in favor of the defendants. The plaintiff has prosecuted a direct appeal, a freehold being involved.

Reference is made to our former opinion, (*First Nat. Bank of Assumption* v. *Gordon, supra,*) where we held that it was necessary for the plaintiff to allege and prove actual possession at the time its action was filed in order to maintain a bill to quiet title or to remove clouds from title and, in particular, the charge that the plaintiff was in possession of the tract of 92 acres by virtue of a sheriff's deed when it redeemed from a foreclosure sale as a judgment creditor was not an allegation of actual possession. The facts there recounted are again alleged in plaintiff's amended pleading. Specifically, it alleges that a sheriff's deed to the entire 132 acres was issued to plaintiff and concludes with a new allegation that "plaintiff, First National Bank of Assumption, is now in possession of said premises, farming and operating the same by its tenants and agents." The additional allegation in the amended and supplemental complaint that plaintiff is "now" in possession is merely an allegation that it was in possession when the amended pleading was filed, namely, July 29, 1939. From the preceding allegations it affirmatively appears that its possession was by virtue of the sheriff's deed. Plaintiff does not allege, and apparently could not prove if the allegation were made, that it is now, or was in actual possession of the 92 acres, the only land involved in the present appeal, on April 10, 1937, the day its action was instituted. The first count of plaintiff's amended pleading failed to cure the vice of the original complaint, and was, hence, properly stricken.

The ejectment count charged that subsequent to July 1, 1939, the defendants were unlawfully withholding possession of the 92 acres from plaintiff. To recover in an ejectment action it is essential that the plaintiff prove legal title to the premises in himself at the commencement of the action. (*McFall* v. *Kirkpatrick,* 236 Ill. 281.) In short, the plaintiff here must recover, if at all, on the strength of its own title and not on some supposed equity existing in it or on some frailty in the defendants' position. (*Braun* v. *Maloy,* 369 Ill. 218; *Hooper* v. *Goldstein,* 336 id. 125.) Plaintiff's claim of title to the 92 acres, referred to as the Gordon land, as well as to the 40 acres known as the Workman land, rests upon the sheriff's deed issued after the execution sale on January 11, 1937, upon a judgment which it had obtained against Mrs. Gordon's daughter, Vera Shull, and her son-in-law, but to which Mrs. Gordon herself was not a party. The sheriff's deed did not pass title to the Nancy A. Gordon land because the judgment and execution were not against Mrs. Gordon. (*Schroeder* v. *Bozarth,* 224 Ill. 310; *Huber* v. *Hess,* 191 id. 305; *Fischer* v. *Eslaman,* 68 id. 78.) On the former appeal we said: "The bank obtained a judgment against the Shulls alone on May 5, 1934, for $1606.34 and costs, but redeemed from the foreclosure sale at the end of twelve months, levied execution on the 132 acres and, since only the redemption money was bid, it received a sheriff's deed to the four parcels. By this redemption the 92 acres of the Gordon land was released from any lien the bank had." Manifestly, plaintiff's claim of title to the land in question, based solely on the sheriff's deed, is insufficient to establish a good legal title in itself.

The order sustaining the defendants' motion to strike the first count, and the judgment rendered in their favor on the count in ejectment, are each affirmed.

*Order and judgment affirmed.*