(No. 28207.—

ELIZABETH FIRKE et al., Appellees, vs. ANNA McCLURE et al.—(ANNA McCLURE, Appellant.)

*Opinion filed March 21, 1945.*

544

Donovan D. McCarty, of Olney, and P. C. Walters, of Albion, for appellant.

Lloyd J. Voyles, of Albion, Mills, Umfleet & Mills, of Fairfield, and Hawbaker & Sievers, (Elim J. Hawbaker, of counsel,) both of Monticello, for appellees.

Mr. Chief Justice Fulton delivered the opinion of court:

From a judgment in favor of the appellees in the circuit court of Edwards county, upon an amended complaint for ejectment filed September 10, 1943, the appellant, Anna McClure, brings this appeal. For convenience, the appellees will be designated in this opinion as plaintiffs and the appellant as defendant.

The original plaintiffs are the heirs-at-law of William H. Firke who died intestate May 31, 1936, in Piatt county, and claim to be the owners of the 120 acres of land in question and entitled to possession thereof as the heirs of William H. Firke, deceased, because of default on the part of defendant in making payment under a contract of purchase.

The complaint alleged that on September 22, 1913, Minnie Clark died intestate seized of the particular real estate in question and other real estate; that W. H. Burns was appointed as administrator and, pursuant to a decree to sell real estate to pay debts, entered by the county court of Moultrie county in 1917, Alva Jones became the purchaser at the sale and assigned his certificate of purchase to William H. Firke who received an administrator's deed on November 7, 1917; that Firke entered into possession of the premises and retained possession until March 11, 1918, at which time he entered into a contract for deed with W. A. McClure and Al S. Clark, whereby they agreed to pay Firke $8850 on or before March 4, 1919, and whereby Firke agreed to convey the land to them or to their nominees, Firke retaining the right to declare a forfeiture upon default; that there was paid to Firke under this contract the sum of $4985.49, leaving a balance due of $3764.51, no part of which was paid by McClure and Clark or their successors; that McClure died testate January 24, 1921, while in possession of the property, leaving all of his estate to his wife, and that his widow, Anna McClure, entered into possession January 25, 1921, and continued her husband's possession, receiving the rents and profits and paying the taxes thereon to and including the taxes for the year 1940, after which the plaintiffs paid all taxes on said property; that Firke died leaving the plaintiffs as his heirs and that in June of 1940, the plaintiffs first learned that Anna McClure had made a claim of ownership; that she later refused oral demands of the plaintiffs

for possession; that William A. McClure took possession of the property on March 11, 1918, under a contract to purchase same and that the defendant Anna McClure entered upon the premises about January 25, 1921, and unlawfully withholds possession from the plaintiffs, who claim title to the whole of the premises and the possession thereof; that prior to the institution of the suit, to wit, on August 14, 1942, written notices were served upon the defendants, declaring the contract made in 1918 to be in default and forfeited, and that written demand for possession was made; that the defendant Shelby claims to be a tenant of Anna McClure and has refused written demand for possession.

The complaint concludes with the allegation that the plaintiffs are entitled to possession, setting forth their several interests; that they hold the fee and that the defendants unlawfully withhold possession. The complaint was verified, and to the complaint was attached an affidavit by said Adah K. Sizer that both the plaintiffs and the defendant Anna McClure claim title through William H. Firke.

A motion to dismiss the amended complaint was filed by Anna McClure to the effect that the complaint failed to allege the exercise of the option to declare a forfeiture or that the plaintiffs exercised the option of forfeiture; and that the plaintiffs did not commence their action or make an entry within twenty years after the right to bring such action and, therefore, are barred from maintaining their action pursuant to sections 1, 2 and 3 of the Limitations Act. The court overruled the motion to dismiss.

The defendant Anna McClure thereupon filed her answer on November 19, 1943, wherein she denied the proceedings in the county court of Moultrie county to sell real estate to pay debts and the delivery of deed thereunder to William H. Firke, deceased, denying further his taking possession at any time. She admitted the taking of possession by her husband but denied he retained possession down to the date of his death and denied that she, as his

widow, continued the possession but admitted that she received all the rents, issues and profits and paid all of the taxes down through the year 1940 as the owner in fee simple and that she has been in the open, notorious, continuous, exclusive, adverse, uninterrupted and hostile possession against the whole world for a period of more than twenty years and denied the heirship of William H. Firke; she admitted that the plaintiffs made claim for ownership in 1940 and averred that William H. Firke up to his death did not at any time make any claim of any right, title or interest in or to the premises involved nor did the plaintiffs do so until the year 1940; that the property is that of the defendant and that the plaintiffs have no right to the property. She further denied the effect of the notices served upon her and averred that she was not guilty of unlawfully withholding possession as the plaintiffs alleged; averred that the action was barred by the Statute of Limitations and that no forfeiture was declared by William H. Firke, deceased, or by his heirs at any time until more than twenty-three years after the time when same could have been done under the terms of the contract.

A witness, Michaels, testified for the plaintiffs that he purchased a portion of the land covered by the contract in 1922 and had all of his negotiations with the defendant Mrs. McClure. Ada K. Sizer, one of the plaintiffs, testified as to the heirship of William H. Firke, deceased, and, over objections, testified that the deceased was her father and was both a banker and farmer; that she served in the capacity of cashier and assistant cashier in the bank from 1918 to 1938 and in her capacity as such posted her father's passbooks, two of which were admitted in evidence. The entries showed payment to William H. Firke of $2089.49 for three lots under the terms of the contract to various persons, together with other entries in the transactions between McClure and Firke. She likewise admitted that as executrix of the estate of Charles Firke, a son of

William H. Firke, she did not inventory the 120 acres which is the subject of the ejectment suit.

Anna McClure testified under section 60 of the Practice Act and identified the payment of $2089.49 mentioned in the passbook, and identified certain letters admitted in evidence as exhibits for the plaintiffs, which correspondence took place between the defendant, Anna McClure, and William H. Firke, deceased. These letters pertained to the sale of certain lots and parcels and indicated the sale of five pieces of land, the proceeds of which were turned over to Firke and applied on what he referred to in his passbook as the Minnie Clark note. These credits amounted to $4985.49 and showed a balance of $3864.51 still due under the contract. Further correspondence took place in 1919 relative to an error in the description of certain property which was described to be in township 2 where, in fact, the property should have been described as being located in township 1.

Over objection of the defendants as being irrelevant and immaterial, a decree of the county court of Moultrie county was admitted in evidence authorizing the correction of the error in the description of the property and the issuance of another deed. This exhibit revealed that five years after the closing of the Minnie Clark estate a petition was filed by the administrator to reopen the estate, correct the description of the property included in the inventory, the petition for sale of real estate to pay debts, the report of sale, the deed and other documents in the estate. The petition was granted, whereupon a corrected deed was issued to William H. Firke by the administrator of the Clark estate.

The defendants called Adah K. Sizer, under section 60 of the Practice Act, by whose testimony it was revealed that no forfeiture was declared by her until 1940, nor did she know whether or not her father had ever declared a forfeiture on the contract. She was then interrogated by

her own lawyer and permitted to testify that she was under the impression the property was being rented and that Mrs. McClure was taking care of the rents and paying the taxes; that her father had mentioned to her that the property was not listed in his schedule for the benefit of his creditors with his other land, since it was a poor piece of land and would cost more to take care of it than would be derived from it and that Mrs. McClure was looking after it and paying the taxes and that this was all the rent he demanded; that the assignment for the benefit of creditors was given in the proceedings for the liquidation of the bank of which he was an officer. Several witnesses testified that they rented the 120 acres in question and had farmed the land, paying rent therefor to Mrs. McClure; that Mrs. McClure received the rents and had made repairs on the buildings. Mrs. McClure attempted to testify in her own behalf but such testimony was refused on the ground she was not a competent witness under the Evidence Act.

The case was submitted to the court without a jury, and on March 23, 1944, the court found the issues for the plaintiffs and against the defendants and entered judgment accordingly.

The defendant Anna McClure seeks a reversal of the judgment on the ground that the amended complaint was insufficient in law and should have been stricken upon her motion to strike; that the plaintiffs had failed to establish legal title since the county court of Moultrie county was without jurisdiction, after the expiration of the term at which the decree to sell real estate to pay debts was entered, to thereafter vacate its order discharging the administrator and enter an order amending and correcting the inventory and other documents in the estate proceedings or to order the execution of a correction deed; that the plaintiff, Ada K. Sizer, was incompetent to testify as a witness against Anna McClure and the latter should have been permitted

to testify; that no forfeiture could be declared until after a notice of default had been served and time fixed for the payment of the balance due; that the passbook was not proper evidence, the law presuming a debt to be extinguished after twenty years; that the adverse possession of the defendant under the twenty-year Statute of Limitations was a complete bar to the action below.

In the case of *First National Bank* v. *Gordon,* 374 Ill. 242, this court said that to recover in an ejectment action it is essential that the plaintiff prove title to the premises in himself at the commencement of the action and that the plaintiff must recover, if at all, on the strength of his own title and not on some supposed equity existing in the plaintiff or on some frailty in the defendant's position. The defendant challenges the plaintiffs' title and insists that they have failed to sustain the allegations of the complaint or to establish a legal title in themselves. In the view we take of this case it will not be necessary to analyze this objection.

It is contended that Adah K. Sizer, one of the plaintiffs herein, was incompetent to testify as a witness against the defendants and that, since her testimony was admitted, the testimony of the defendant Anna McClure should have been permitted. Adah K. Sizer's direct testimony related to the identification of exhibits and books of account in her own handwriting or that of her deceased father or in the handwriting of the assistant cashier who acted under her direct supervision and control, and to the heirship of the plaintiffs below. When called by defendants to testify under section 60 of the Practice Act, she was interrogated by her own lawyer as to how she thought the land had been handled prior to her father's death and as to what her father had told her about the status of the land and how it was handled. When Anna McClure was called later and asked about the date she entered into possession of the real estate, objection was made to her competence

and the objection sustained. In sustaining this objection the court clearly erred. Anna McClure, when called as a general witness, would be incompetent to testify, but when Adah K. Sizer, as agent of her deceased father, testified to the above facts, Anna McClure, under the second section of the Evidence Act, was fully competent to testify as to those same transactions and to rebut the Sizer testimony. Section 2 provides as follows: "Second—When, in such action, suit or proceeding, any agent of any deceased person shall, in behalf of any person or persons suing or being sued, in either of the capacities above named, testify to any conversation or transaction between such agent and the opposite party or party in interest, such opposite party or party in interest may testify concerning the same conversation or transaction." (Ill. Rev. Stat. 1943, chap. 51, par. 2.) The statute intends, in allowing a party to be a witness, that it shall be in cases where both parties are on equal ground. Otherwise there would be no one to confront the representative of a deceased person. *Langley* v. *Dodsworth*, 81 Ill. 86.

It is further contended by the defendant Anna McClure that the plaintiffs could not declare a forfeiture in this case until after notice of default had been served and the time fixed for payment of the alleged balance due on the contract. It appears from the pleadings that the plaintiffs first made claim of ownership of the premises in the year 1940, when an agent of the defendant requested the plaintiffs to execute a quitclaim deed to the defendant in order to correct her record title. By the terms of the contract relied upon by the plaintiffs the entire consideration for the purchase price of the premises was to be paid within one year from the date of the instrument, March 11, 1918. No notice of forfeiture or demand for possession was ever made by William H. Firke during his lifetime, nor by his heirs, the plaintiffs in this suit, until just prior to the institution of this suit. The testimony of Adah K. Sizer shows

that payments were made upon the contract after the balance had become due. Under this state of facts the plaintiffs could not declare a legal forfeiture until after notice of default had been served and time fixed for payment of the alleged balance. The notice served in this case read as follows: "The undersigned heirs of W. H. Firke, as the owners of the land hereinafter described, have declared the contract made in 1918 between your husband, W. A. McClure and Al S. Clark, with W. H. Firke, for the purchase of land hereinafter described, in default and the same is declared forfeited. [Description of land.] Notice to vacate is hereby given and immediate possession of the above described premises is hereby demanded * * *." In the case of *Plummer* v. *Worthington,* 321 Ill. 450, this court said: "A waiver of the time of payment was not a permanent waiver of the right to declare a forfeiture but only a temporary suspension of the right. It did not waive the payment of the money but only promptness of payment. The right of forfeiture could not, however, be exercised after such waiver without previously giving definite and specific notice of the intention to declare a forfeiture. The grantor having died without giving such notice, the right of his heirs to declare a forfeiture was subject to the same requirement that it could be exercised only after giving definite and specific notice. No such notice was given but the Sayre heirs proceeded as if the fee in Worthington had already been terminated, and without giving notice that the estate would be forfeited if the unpaid amounts were not paid within a reasonable time they proceeded without authority of law to take possession of the land."

We believe the notice served August 14, 1942, was not sufficient, of itself, to be held a declaration of forfeiture, because there is no evidence of a previous demand for payment or notice that a forfeiture would be declared. Consequently the plaintiffs would have no present right of

possession and one of the essential elements of ejectment is lacking and such action would not lie.

This record discloses another reason why the judgment for plaintiffs cannot stand. After the filing of plaintiffs' second amended complaint, defendant Anna McClure answered the same, and among other things set up the affirmative defense that she had been in adverse possession of the premises; that she had paid all the taxes for more than twenty years last past down to and including the year 1940 as the owner in fee simple, and that she had been in the open, notorious, continuous, exclusive, uninterrupted, hostile and adverse possession against the whole world, and had made lasting and valuable improvements thereon. She further alleged that no action was brought to recover the property within twenty years and that the plaintiffs were barred by sections 1, 2 and 3 of the Limitations Act. The answer was properly verified by Anna McClure. The plaintiffs filed no reply to this affirmative defense and thereby the facts above set forth stand as admitted by the pleadings. *Simmons* v. *Jenkins,* 76 Ill. 479; *Village of Palatine* v. *Dahle,* 385 Ill. 621.

The plaintiffs insist that there was no necessity to file a reply because ejectment does not come within the scope of section 1 of the Civil Practice Act, and that defendant having filed a general denial of not guilty was barred from pleading the new matter of defense or the Statute of Limitations because it was admissible under the general denial. Section 10 of the Ejectment Act (Ill. Rev. Stat. 1943, chap. 45, par. 10,) provides that rules of pleading and practice in other civil cases shall apply to actions of ejectment so far as they are applicable and except as is otherwise provided by the act. Section 19 of the act provides that a defendant may answer by general denial or specific denial or affirmative defense. It was alleged in the complaint of the plaintiffs that the defendant Anna McClure

continued her husband's possession of the premises after his decease. In her sworn answer the defendant denied that she ever continued the possession of her husband, W. A. McClure, or that she held possession as the heir of her husband, but set forth in full the affirmative defense of limitation and adverse possession which, under the Civil Practice Act, she was authorized to plead. Since no reply was filed by plaintiffs denying those allegations, they are deemed to be admitted under paragraph (2) of section 40 of the Civil Practice Act.

Because of the views expressed in this opinion the judgment of the circuit court of Edwards county is reversed, and the cause remanded with directions to enter a judgment in favor of the appellant, Anna McClure.

*Reversed and remanded, with directions.*