(No. 31213 ▮▮▮▮▮▮▮▮▮▮)

EDWARD A. MILLER, Appellant, *vs.* FREDERICK'S BREWING COMPANY, Appellee.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

592

Alice M. Heerey, of Chicago, (Fay Warren Johnson, of counsel,) for appellant.

Freeman & Freeman, of Chicago, (Earl Freeman, of counsel,) for appellee.

Mr. Justice Simpson delivered the opinion of the court:

October 2, 1947, appellant, Edward A. Miller, brought an action of ejectment in the superior court of Cook County to recover possession of certain premises being occupied by appellee, Frederick's Brewing Company. During the pendency of the cause both appellant and appellee filed motions for summary judgment. After a hearing on the

motions and supporting affidavits an order allowing appellant's motion for summary judgment was entered by the trial court. The Appellate Court reversed the judgment and remanded it with directions that judgment be entered in favor of the appellee. Leave to appeal was granted by this court.

The affidavit filed in support of appellant's motion for summary judgment avers that appellant acquired title on June 30, 1947, through a quitclaim deed from Marie Overheu, a spinster, and Myrtle Overheu, a widow, and that said deed was registered with the Registrar of Titles on July 1, 1947, and a certificate of title issued to appellant showing that he was the owner of the premises in dispute. Attached to the affidavit was a copy of the quitclaim deed and a copy of the certificate of title issued by the registrar. This certificate of title contained a memorial showing that appellant's title was subject to a trust deed, dated November 24, 1925, from Pauline Overheu and Fred Overheu, to Henry Gottschalk, trustee, securing a note for $4000 due three years after date with interest at 6 per cent per annum, payable semiannually.

Appellee filed a countermotion and affidavit for summary judgment, in which it was averred that Leo Gottschalk was the holder of the $4000 note secured by the trust deed described in the memorial attached to appellant's certificate of title; that prior to May 1, 1942, Leo Gottschalk was in possession of the premises on and after default in the payment of said indebtedness; that from May 1, 1942, appellee and its predecessor continuously occupied the premises as tenants of Leo Gottschalk; that on July 1, 1945, Leo Gottschalk sold and assigned the principal note secured by the trust deed to appellee's predecessor; and that thereafter appellee became the holder of said indebtedness, and remained in possession of the premises in the place and stead of Leo Gottschalk, the original holder of the indebtedness secured by the trust deed.

The principal contention of appellant is that the land in question is registered under the Torrens Act, and, therefore, to be effective, any claim, right or equity in or to such registered land must be the subject of some independent memorial in the register of titles; that appellee cannot maintain a right or claim to possession unless his claim or interest in the charge against the land is shown by a memorial entered on the register of title.

The land in question was registered under the Torrens Act. Section 46 of the act provides that all dealings with land or any estate or interest therein after the same has been brought under the act, and all liens, encumbrances, and charges upon the same subsequent to the first registration thereof, shall be subject to the terms of the act. (Ill. Rev. Stat. 1947, chap. 30, par. 90.) The general purpose of the Torrens Act is to provide an independent system of registration, whereby an intending purchaser of land can determine by an inspection of the register the condition of the title. (*Balzer* v. *Pyles,* 350 Ill. 344.) To achieve the basic purpose of the act, it is required that a registration or memorial of all matters affecting the title to registered property be entered in the register of title, so that the registrar's certificate becomes the sole and exclusive evidence of title. The Torrens Act controls the transfer of title, whether such title is transferred by deed, judicial proceeding, tax sale, tax or other foreclosure, the law of descent or otherwise. *People* v. *Mortenson,* 404 Ill. 107.

The precise question here presented is whether or not appellee, as holder of the principal indebtedness secured by the trust deed registered and shown on appellant's certificate of title, in peaceable possession of the land covered by the trust deed at the time appellant acquired a quitclaim deed thereto, may assert its possession as lawful in an ejectment suit brought against it by appellant, without having previously registered its right to possession with the

registrar of titles under the Torrens Act. Appellant claims that appellee is attempting to assert an unregistered lien. Appellee contends that it is merely exercising the right to collect the debt secured by the registered trust deed, in one of the modes authorized by law.

The counteraffidavit filed by appellee shows that Leo Gottschalk, the original holder of the principal debt secured by the trust deed, had gone into possession of the premises given as security, after default in the payment of the debt. Appellee, through its predecessor, had become a tenant of Leo Gottschalk while he was in possession of the premises, and then had become the purchaser of the debt and remained in possession of the premises until the present time. Appellant did not acquire any rights to the premises until after all of these events had transpired. His title appears to have been derived by quitclaim deed through the grantor of the trust deed to Henry Gottschalk. The purchaser of the mortgagor's title stands in the shoes of the mortgagor and is charged with notice of the mortgage and its legal effect. *Walker* v. *Warner,* 179 Ill. 16.

The trust deed entered as a memorial on appellant's certificate of title was in the nature of a mortgage. A mortgage or trust deed in the nature of a mortgage, as between the mortgagor and mortgagee, at law vests a legal title in the mortgagee, but only for the protection of his interests. For such purpose the mortgagee may, upon default, enter and hold possession of the premises by virtue of the title arising out of the mortgage or trust deed and take the rents and profits in payment of his mortgage debt. On the strength of his title he may maintain an action of ejectment, not to confirm title in him but to secure possession until the indebtedness is satisfied. (*Lightcap* v. *Bradley,* 186 Ill. 510; see, also, *West Side Trust and Savings Bank* v. *Lopoten,* 358 Ill. 631.) Such possession, when taken, is legal possession and constitutes a legal defense to an action

in ejectment brought by the mortgagor, or by one claiming under the mortgagor by a chain of title junior to that of the mortgagee. (*Fountain* v. *Bookstaver,* 141 Ill. 461.) Leo Gottschalk could have maintained such legal possession as a defense to appellant's action of ejectment, had he continued in possession.

The question then arises as to whether appellee, as the assignee of the mortgage debt, in possession of the premises, can successfully maintain its possession as a defense to appellant's action of ejectment. The assignment of the mortgage note carried with it an equitable assignment of the trust deed by which it was secured. (*Miller* v. *Larned,* 103 Ill. 562.) The legal title to the note passed to the appellee and, as an incident thereto, an equitable assignment of the trust deed in the nature of a mortgage. (*Himrod* v. *Gilman,* 147 Ill. 293.) A mortgage, however, is not assignable at common law or by statute, and the assignee of a mortgage has no remedy at law but he must resort to equity, and equity alone, in order to enforce his equitable assignment. (*Olds* v. *Cummings,* 31 Ill. 188; *King* v. *Harpster,* 306 Ill. 202.) In ejectment the legal title, only, is involved and courts have no jurisdiction to adjust equities or to grant equitable relief. *Schafer* v. *Robillard,* 370 Ill. 92.

Appellee, however, is not endeavoring in the present suit to assert any equitable title in itself arising out of the assignment of the mortgage debt. Neither is reliance being placed on the equitable assignment of the mortgage as a defense to this action. The defense interposed is that appellee is in lawful possession of the premises, in the place and stead of Leo Gottschalk, who had already exercised his right as mortgagee to enter into possession of the premises upon default in payment of the mortgage indebtedness. Appellee is relying upon the right of the original mortgagee in the trust deed, upon condition broken, to enter into possession of the mortgaged premises. The

basis for appellee's right to maintain such a defense is aptly stated in *Kilgour* v. *Gockley,* 83 Ill. 109, where the court said, at page 111, "It is not perceived why such assignee may not, in like manner, take peaceable possession without action at law, nor why, having so taken possession, he may not lawfully hold it as against the mortgagor, or his heirs or grantees, invoking for that purpose the name and title of the mortgagee. His possession, under such circumstances, would be a lawful possession. Ejectment can never be maintained against an occupant, so long as he is lawfully in possession."

Had this action been brought against Leo Gottschalk, as a mortgagee in possession, or against appellee while holding under him as a tenant, the trust deed, which is shown on appellant's certificate of title, would have been a complete defense. The possession of appellee, as equitable assignee of the mortgage, having been peaceably acquired, is not less lawful than that of the mortgagee himself, or his tenant. *Fountain* v. *Bookstaver,* 141 Ill. 461.

In the case of *First Nat. Bank* v. *Gordon,* 374 Ill. 242, this court held that to recover in an ejectment action it is essential that the plaintiff prove title to the premises in himself at the commencement of the action and that the plaintiff must recover, if at all, on the strength of his own title and not on some frailty in the defendant's position. Section 44 of the Torrens Act (Ill. Rev. Stat. 1947, chap. 30, par. 88.) provides that in any action of ejectment the certificate of title of the registered owner shall be held to be conclusive evidence that such registered owner has a good and valid title to the land subject to such estates, mortgages, liens, charges, and interests as may be noted thereunder, and that, unless it shall otherwise appear by such notations, such registered owner is entitled to the possession of said land.

The certificate of title attached to the pleadings in this case reveals that appellant's title is subject to the trust deed

by virtue of which the mortgagee, and appellee as well, entered and held possession of the mortgaged premises. The trust deed bore date of November 24, 1925, and stated that it was given to secure a note for $4000 due three years after date. This trust deed does not appear to have been released and the certificate of title bears no cancellation of the memorial of such deed.

Appellant contends that the trust deed was barred by the Statute of Limitations at the time he received his certificate of title on July 1, 1947. A mortgage or trust deed in the nature of a mortgage in the case of lands registered under the Torrens Act, from the time it is registered, or a caveat is filed, becomes a lien upon the described real estate for all moneys advanced on account of the principal indebtedness which such mortgage or trust deed is purported to secure. (Ill. Rev. Stat. 1947, chap. 30, par. 37a.) The lien of every such mortgage or trust deed in the nature of a mortgage, the due date of which is stated on its face, shall cease by limitation after the expiration of twenty years from the time the last payment on said mortgage or trust deed becomes due on its face and according to its written terms, unless the same has been extended as provided by law. (Ill. Rev. Stat. 1947, chap. 83, par. 11b.) The twenty-year period of limitation had not expired at the time appellant received his title.

There was no notation on the certificate of title, nor is there anything in the record to indicate that the lien of the trust deed in the nature of a mortgage had been barred by one of the ten-year statutes of limitation. On the contrary the counteraffidavit of appellee reveals that Leo Gottschalk had gone into possession of the mortgaged premises on default in payment of the mortgage debt before the Statute of Limitations had run against it and that such possession has continued until the time this suit was filed. Limitations do not run against the morgage debt under such circumstances. *Fountain* v. *Bookstaver*, 141 Ill. 461.

Thus, while the appellant may have legal title to the premises, as between him and appellee in peaceable possession of the premises for the purpose of collecting the debt secured by the trust deed shown as a memorial on appellant's title, his title is subject to appellee's right to continue the lawful possession acquired for such purpose by the original mortgagee. The certificate of title of the registered owner in the present case bears a memorial making such title expressly subject to the lien of the trust deed under which the mortgagee's right to possession is being exercised. In this suit the matter of accounting for rents is not before us and we express no opinion as to the rights of the parties in that connection.

For the above reasons stated, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*