(No. 34999.—▮▮▮▮▮▮▮▮)

FREDERICK W. RABUS, Appellant, *vs.* MARIAN CALCARI *et al.,* Appellees.

*Opinion filed January 23, 1959—Rehearing denied March 18, 1959.*

D. A. McGrady, of Gillespie, for appellant.

Mr. Justice Davis delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Macoupin County, dismissing plaintiff's suit to quiet title to certain improved realty.

In his complaint, the plaintiff, Frederick W. Rabus, alleged that he is owner of the property in question, having obtained title by warranty deed from his father, Leopold Rabus, on August 14, 1924; that through error or fraud, the property was listed as an asset of the estate of his mother Beata Rabus; that thereafter, in furthering the mistake or fraud, a complaint in partition was filed and the property sold under its decree, without service of summons or notice upon him; that during all this time, plaintiff was in possession of the premises under his deed from Leopold Rabus; that in 1945 the defendant, Mrs. Marian Calcari, purchased the lots at tax sale for $510, and later assigned her certificate of purchase to the defendants, the Wiegands, who obtained a tax deed in 1947; that the Wiegands conveyed title to the defendants Thomas and Arpha Lloyd in March, 1951; and that the Lloyds evicted plaintiff from the premises in June, 1951, and are now in possession thereof. The complaint prayed removal of the clouds on title and the quieting of title in the plaintiff. The defendants denied the material allegations of the complaint, and thereafter, at the suggestion of the court, Elizabeth Rabus Pappas, devisee of John Rabus, purchaser at the partition sale and grantee in the master's deed issued therein, was made a party and served by publication.

The case was referred to a special master in chancery who heard evidence, and found that plaintiff had no interest in the premises, in that both Leopold Rabus and plaintiff were parties to the partition suit which went to decree in 1918, were beneficiaries in the order of distribution entered therein, and received and accepted the benefits thereof. The master further found that plaintiff is now estopped by decree from collaterally attacking the decree and orders entered in the partition proceeding and that plaintiff did not acquire title to the property by adverse possession. The trial court overruled the objections to the master's report and entered a decree finding that the plaintiff had not maintained the allegations of his complaint and dismissing the complaint for want of equity. Plaintiff herein attacked the findings of the special master, while defendants failed to file brief and argument.

The proceeding before us is an equitable action to quiet title. It clearly appears from the complaint that the plaintiff is not now, and since June 16, 1951, has not been, in possession of the premises, but that the defendants, Thomas and Arpha Lloyd are in such possession. We have repeatedly held that where the primary purpose of litigation is to remove a cloud or quiet title in the plaintiff, the failure to allege and prove either plaintiff's possession or the vacancy of the property, at the time the suit is filed, is a jurisdictional defect. (*Hunsley* v. *Valter,* 12 Ill.2d 608; *McGookey* v. *Winter,* 381 Ill. 516; *First National Bank of Assumption* v. *Gordon,* 371 Ill. 424; *Glos* v. *Kemp,* 192 Ill. 72.) Neither the allegations of the complaint nor the evidence support any claim of fraud on the part of the defendants which might justify the exercise of equitable jurisdiction. Therefore, the complaint failed to state a cause of action and was properly dismissed.

Since the appeal is determined on this ground, we need not discuss the errors assigned in connection with the findings of the master. In view of the correctness of the decree

dismissing the complaint, its *ratio decidendi* is immaterial. It is the judgment, and not the reasoning, which controls. (*Platz* v. *Walk,* 3 Ill.2d 313; *McGookey* v. *Winter,* 381 Ill. 516.) For the reason assigned, the decree of the trial court is affirmed.

*Decree affirmed.*