**Gregory A. SAMUELS EL, Plaintiff–Appellant,**

v.

**FAIRBANKS CAPITAL CORPORATION, Defendant–Appellee.**

No. 03–4248.

United States Court of Appeals, Seventh Circuit.

**52**

Submitted May 14, 2004.*

Decided May 14, 2004.

Gregory A. Samuels El, Bourbonnais, IL, pro se.

Saskia N. Bryan, Levin & Ginsburg, Chicago, IL, for Defendant–Appellee.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

## ORDER

Gregory A. Samuels El, a member of the Moorish Science Temple of America, alleges that its founder, Prophet Noble Drew Ali, conveyed to an "express trust" for the benefit of his followers all of the lands of North and South America, Africa, and the mythical island of Atlantis. This vast conveyance necessarily includes Samuels El's foreclosed residence at 741 North River Drive in Kankakee, Illinois, and so based on his divine right to the land as a beneficiary of Ali's trust, Samuels El, an Illinois citizen, brought suit under the diversity jurisdiction against Fairbanks Capital Corporation, a Utah corporation with its principal place of business in Utah, to quiet title after Fairbanks had sold the property at a foreclosure sale. Samuels El's religious claim to title is patently frivolous, and as to any legitimate claim under state law he pleaded himself out of court by readily conceding that he defaulted on the mortgage for the property and that the foreclosure sale would have been valid save for Ali's grant. *See Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 919–20 (7th Cir.2003) (recognizing that mortgagor can no longer cure default following foreclosure sale and statutory redemption period); *Miller v. Frederick's Brewing Co.*, 405 Ill. 591, 92 N.E.2d 108, 111 (1950) (upon mortgagor's default, mortgagee may take possession of property as well as rents and profits to satisfy mortgage debt); *Walker v. Warner*, 179 Ill. 16, 53 N.E. 594, 597 (1899) (legal title rests with mortgagee after mortgagor violates condition of agreement). Because Samuels El cannot establish under any set of facts that he is legally entitled to the property, we AFFIRM the district court's dismissal for failure to state a claim.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).